[No. 3338.   July 17, 1929.]

STATE v. CHAMBERS.

[279 Pac. 562.]

O. O. Askren, of Roswell, for appellant.

R. C. Dow, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

WATSON, J.   Appellant was convicted of possession of intoxicating liquor for sale.   The single error relied upon for reversal of the judgment is the overruling of his motion for a directed verdict.

Appellant was the proprietor of a hotel or rooming house in Roswell containing some 25 or 30 rooms.   Officers executing a lawful search warrant found in an unoccupied guest chamber two one-half pint flasks of whisky in a dresser drawer; 32 half-pint flasks of whisky concealed under three removable boards of the floor; and 2

or 3 cases of empty bottles of the same kind on a flat roof upon which a door from the room in question opened.

It is contended that the evidence was insufficient to establish possession by appellant. The showing that no guest was in occupancy would seem to leave the room in possession and under control of the proprietor. We think that a prima facie case was made in this respect.

It is further contended that if appellant's possession were admitted, there was still no proof that the liquor was kept for sale. Such proof as there was was circumstantial. Necessarily this is often the case, and the general rule will be that if the evidence is substantial, the jury must determine its sufficiency under proper instructions. State v. Clements (rehearing) 31 N. M. 628, 249 P. 1006. Here whisky was found in appellant's possession; not in his private quarters, but in a place readily accessible to the public. The size and number of bottles meets the requirements of convenience for sale and delivery to guests of the hotel and other purchasers. The empty bottles point to consumption upon the premises. The concealment argues against lawful intent and practice. This was sufficient, in our judgment, to warrant submission to the jury. We have examined the decisions cited by appellant on this point and find nothing in them contrary to this view.

The judgment will be affirmed. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.