### SMITH v. STATE OF INDIANA

[No. 28,203. Filed September 24, 1946.]

*Harold E. Korn* and *James P. Murphy,* both of Fort Wayne, for appellant.

*James A. Emmert,* Attorney General, *Frank E. Coughlin,* First Assistant Attorney General, and *Byron C. Kennedy,* Deputy Attorney General, for the State.

YOUNG, J.—Section 12-605, Burns' 1933 makes the sale, directly or indirectly, of alcoholic beverages by any person not the holder of an alcoholic beverage permit a misdemeanor with an enlarged penalty for a second or subsequent offense. Appellant was charged by affidavit with a second violation of the statute and was tried without a jury and found guilty.

The uncontradicted evidence of the State's witnesses was in effect as follows:

A state excise officer, together with a member of the Fort Wayne Police Department, started out one Sunday morning with a list of suspected bootleggers upon which was the name of appellant. They called at appellant's home. The excise officer asked appellant

if he had anything to drink and was told that he did not because he was on probation and the police could come at any time and search his place. The excise officer asked him if he could get a quart of whiskey for him and he said he could. The appellant, the excise officer and policeman then walked about half of a city block to the corner of Lafayette and Brackenridge in Fort Wayne where appellant said he would go up into a building on the corner and see whether he could get a quart there. He came back and told the officers that he could get the whiskey and that it would cost $8.00. The officers told him to go ahead and buy it and gave him $10.00. He took the money, went back into the building and brought back to the officers $2.00 in change and said that the liquor was behind a door in the building. The officers went there and found it. The officers then arrested him and searched him for weapons but did not check his wallet or count his money to see whether he had used the $10.00 for the purchase of the liquor, nor did the officers go into the building to find out if appellant had a cache of liquor there or to find whether he had a friend from whom he purchased the liquor. After he was taken to the police station he told another police officer that he had "sold the boys the liquor all right." Whether or not the facts constituted a sale of whiskey by appellant or a purchase by him as an agent of the officers presents a question of law and appellant's statement that he sold the liquor was a legal conclusion of no evidentiary value as to the nature of the transaction. The uncontradicted evidence of the two officers was substantially as just stated and there was no evidence from any source more favorable to the State than the evidence of the two officers. Appellant testified substantially as had the two officers and further said that he had

purchased the whiskey from one Lucio Torres and that he had not handled the whiskey himself at all but that after paying Torres, Torres had put the whiskey in a paper sack and had placed it behind a door in the building at the corner of which the officers were standing. Torres testified for the defendant and said that he had sold the bottle of whiskey to the defendant who had given him two five dollar bills and he had returned two one dollar bills as change and he, Torres, had then put the whiskey in a sack but that he had not given the whiskey to appellant but had put the whiskey behind the door where the officer found it. It was admitted that appellant did not have a permit and that Torres did not have a permit.

The question before us is whether this evidence is sufficient to sustain the conviction of appellant upon the charge of selling whiskey without a permit.

We have found no case in Indiana directly in point, but there are numerous cases in other jurisdictions on similar facts which hold that the transaction was not a sale by appellant but was a purchase by him as agent for the officers. *Anderson* v. *State* (1893), 13 So. (Fla.) 435; *Black* v. *State* (1900), 37 S. E. (Ga.) 108; *Crawford* v. *State* (1900), 58 S. W. (Tex.) 1006; *Hiers* v. *State* (1906), 41 So. (Fla.) 881; *Givens* v. *State* (1906), 91 S. W. (Tex.) 1090; *Maples* v. *State* (1901), 30 So. (Ala.) 428; *State* v. *Turner* (1910), 109 P. (Kan.) 983; *State* v. *Hicks* (1931), 33 S. W. (2d) (Mo.) 923; *Reed* v. *State* (1909), 103 P. (Okla.) 1070; *Witherspoon* v. *State* (1929), 17 S. W. (2d) (Ark.) 307; *Perkins* v. *State* (1928), 142 S. E. (Ga.) 212; *State* v. *Parrady* (1931), 156 A. (Me.) 381; *McBee* v. *State* (1932), 44 S. W. (2d) (Tex.) 699; *Winans* v. *State* (1933), 61 S. W. (2d) (Tex.) 114; 30 Am. Jur. 407,

§ 288; 33 C. J. 594, § 217. We concur in the general rule laid down in these cases.

The rule deducible from the great majority of the cases is stated in 30 Am. Jur., p. 407, § 288, in the following language:

"The general rule is that one who acts merely as the agent or messenger of another in purchasing liquor is not guilty of making a sale where he has no personal interest in the transaction and may not be convicted of illegal selling even tho the intent is to evade the law."

And in 33 C. J. 594, § 217, it is stated as follows:

"It is generally held that, where one person procures or buys intoxicating liquor for another or assists him to buy or procure such liquors he is not guilty of making a sale of such liquors notwithstanding the money and the liquor may pass thru his hands, provided he has no interest in the liquor or in the price and acts as the agent or intermediary of the buyer and not the seller."

It seems to us that the evidence in this case most favorable to the State cannot possibly mean a sale of whiskey by the appellant but on the contrary shows a purchase by him as the agent of the officers. We, therefore, hold that the evidence was insufficient to sustain appellant's conviction and accordingly it is ordered that the judgment of conviction be reversed.

NOTE.—Reported in 68 N. E. (2d) 549.