311 P.2d 648

**CITY OF CLOVIS, Plaintiff-Appellee,**

v.

**Connell DYCUS, Defendant-Appellant.**

**No. 6176.**

Supreme Court of New Mexico.

May 16, 1957.

Hartley & Buzzard, Clovis, for appellant.

Smith & Smith, Esther Smith, Clovis, for appellee.

COMPTON, Justice.

Appellant was convicted of possessing intoxicating liquor for sale in violation of an ordinance of the City of Clovis. He appealed, and following his conviction in the District Court, he is here challenging the correctness of the judgment entered against him. The attack is made on the sufficiency of the evidence to support the judgment.

A city policeman saw appellant stop his automobile just off the intersection of Mitchell Street and Grand Avenue in the City of Clovis and remove a sack from the automobile which he delivered to one Leon Long, who likewise had previously parked his automobile at that point. The officer investigated the incident and he found the sack contained 20 half pints of whiskey; 10 half pints of Ten-High, 5 half pints of Barkley and 5 half pints of Belle of Nelson. Possession by appellant is not disputed. Both appellant and Long lived in the vicinity where the delivery was made. No explanation was given for the "range delivery." Appellant did not testify but Long testified that appellant was acting as his agent in the purchase of the liquor. He testified that he owed the owner of a bar at Taiban an account in an indefinite amount and that he gave appellant a check for $41, from which appellant was to pay the account and use the balance to purchase the liquor in question for him. According to his own testimony, Long did not tell appellant the brand, quantity, or size of containers to purchase. This testimony is indeed unusual.

420

The evidence, though circumstantial, warranted an inference of guilt by the court. State v. Coffey, 35 N.M. 204, 292 P. 228; State v. Chambers, 34 N.M. 208, 279 P. 562. The evidence being substantial, we will not concern ourselves as to the quantum.

The judgment will be affirmed, and It Is So Ordered.

SADLER and McGHEE, JJ., concur.

LUJAN, Chief Justice (dissenting).

The offense charged was the possession of alcoholic liquors for the purpose of sale under Ordinance No. 440 of the City of Clovis. To support this allegation the City ·depended upon the testimony showing that defendant · had in his possession twenty half pints of different brands of whiskey.

In order that this dissent may reflect the basis of my conclusion, I deem it proper to briefly state the evidence adduced by the City. It appears from the record that on the 14th day of January, 1956, a city policeman saw the appellant take from his car a paper sack which he delivered to Leon Long; that he drove up along side of them and asked Long what it was and he showed him; that it was twenty half pints of mixed whiskey, three different brands; that he took the whiskey from defendant and Leon Long; that when he first observed the defendant and Long, the defendant was getting it out of his car and transferring it to Long; that he did not see any exchange of money or anything like that. · Defendant did not testify. Leon Long, testified that he is a painter and has lived in Clovis all of his life; that he had been waiting for the defendant who had agreed to bring some whiskey for him from Taiban (wet territory) for which he had given him the money.

Looking alone to the testimony of the City, I think defendant's contention that the evidence is insufficient should be sustained. It is not sufficient that testimony merely raised a strong suspicion of guilt. It is necessary that it exclude every other reasonable hypothesis except the defendant's guilt. I think the City failed to introduce proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish the defendant possessed the whiskey for the purpose of sale. But says the City—"At the time the matter was first observed it was in the possession of the defendant and for that reason we feel à prima facie case has been made out."

The possession of alcoholic liquors in the City of Clovis is unlawful only when the liquor is possessed for the purpose of sale, and the City of Clovis had the burden of proving that the defendant possessed the liquor for the purpose of sale as alleged. This it failed to do. See Smith v.

State, 224 Ind. 434, 68 N.E.2d 549; State v. Lynch, 81 Ohio 336, 90 N.E. 935, 28 L.R.A.,N.S., 334; King v. State, 81 Okl. Cr. 278, 163 P.2d 248.

I have no quarrel with the verdicts reached by the jury in the cases cited by the majority. Facts and circumstances in those cases pointed unerringly to the guilt of the accused. Not so in the case at bar.

For the reasons above stated, I dissent.

KIKER, J., concurs.