**362 P.2d 997**

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Earle EASTERWOOD, Defendant-Appellant.**

**No. 6850.**

Supreme Court of New Mexico.

June 27, 1961.

The defendant was tried before the court without a jury and convicted of possessing alcoholic liquor for the purpose of sale without a license in violation of § 46–10–1, N.M.S.A. 1953 Comp. From the judgment and sentence the defendant appeals.

At 3 o'clock a. m. on March 17, 1960, the sheriff of Roosevelt County, accompanied by six men, went to the home of the defendant in Portales and searched his home under authority of a search warrant. The defendant was alone in the house and apparently asleep. All the lights were out. The search revealed one pint of whiskey in defendant's bedroom and eleven fifths of whiskey in three brands found on the floor of the living room behind window drapes. It was stipulated that Portales is within a local "dry" area and that defendant had no license to sell liquor. There is no other evidence in the record concerning defendant's possession for the purpose of sale and it is upon that alone that he was convicted. The judgment and sentence is challenged on the ground of lack of substantial evidence to support the conviction.

Possession of the liquor found in defendant's home is not denied. The question is resolved to this—was the evidence, admittedly wholly circumstantial, sufficient to support a conviction of possession for the purpose of sale?

It is asserted that possession of eleven fifths and one pint of whiskey in four

Smith, Smith & Tharp, Clovis, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., F. Harlan Flint and Hilario Rubio, Asst. Attys. Gen., for appellee.

NOBLE, Justice.

different brands together with the fact that it was placed behind the window drapes constituted circumstances sufficient to justify the conviction of possessing the liquor for the purpose of sale. The state points to the different brands; to the fact that defendant had what it terms a large quantity, and to the fact that it was hidden behind the drapes.

■ Where circumstantial evidence alone is relied upon for a conviction such evidence must be incompatible with the innocence of the accused upon any rational theory and incapable of explanation upon any reasonable hypothesis of the defendant's innocence. State v. Rice, 58 N.M. 205, 269 P.2d 751; State v. Johnson, 37 N.M. 280, 21 P.2d 813, 89 A.L.R. 1368. We think the circumstances present here fall short of that test.

State v. Skipworth, 64 N.M. 175, 326 P.2d 669; City of Clovis v. Dycus, 62 N.M. 419, 311 P.2d 648; City of Clovis v. McLain, 55 N.M. 36, 226 P.2d 101, and State v. Chambers, 34 N.M. 208, 279 P. 562, are all distinguishable upon their facts, and the decisions from other jurisdictions cited by appellee are either distinguishable on their facts or the basis upon which they were determined.

■ It is not enough that the testimony raise a strong suspicion of guilt. It must exclude every reasonable hypothesis other than the guilt of the defendant. In this case the most that can be said for the proof of the state is that it created a mere possibility or suspicion of defendant's possession for the purpose of sale but falls far short of the certainty required where circumstantial evidence alone is relied upon.

We cannot agree with the contention of the state that the quantity of liquor in fifths discovered in defendant's home is so unusual as to be inconsistent with any reasonable hypothesis of his innocence nor does the fact that he had three or four brands make it any less inconsistent with his innocence. We think it highly probable that many persons in this state have in their homes as much liquor as was found in this instance and in more than one or two brands. While its location behind the drapes may seem a peculiar place to keep it, we cannot say that it was any more concealed than if it had been kept in a closet or any other place out of sight—certainly it was not difficult to find.

The facts and circumstances here do not point unerringly to the guilt of the defendant. The circumstantial evidence, alone relied upon, failing to meet the test required of such evidence to support a conviction the judgment and sentence must be reserved.

Other issues are presented but in view of our determination that the evidence is insufficient to sustain the conviction, they need not be decided.

The cause will be remanded with instructions to set aside and vacate the judgment and sentence and to discharge the defendant. It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

COMPTON, C. J., and MOISE, J., not participating.