495 P.2d 383

STATE of New Mexico, Plaintiff-Appellee,

v.

Reynaldo MADRID, a/k/a Raymond Madrid, Defendant-Appellant.

No. 783.

Court of Appeals of New Mexico.

March 3, 1972.

Jacob Carian and William C. Bowers, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of burglary, defendant appeals. Section 40A–16–3, N.M.S.A.1953 (Repl.Vol. 6, Supp.1971). The issues are: (1) circumstantial evidence; (2) cross-examination as to a specific act of misconduct; (3) failure to admonish jury when an objection was sustained; (4) instructions; (5) closing argument of the prosecution; and (6) procedure for an enhanced sentence.

*Circumstantial evidence.*

■ The crime of burglary is complete when the defendant makes an unauthorized entry with intent to commit any felony or theft. State v. Gutierrez, 82 N.M. 578, 484

P.2d 1288 (Ct.App.1971). The occupant of the burglarized apartment testified to an unauthorized entry. The evidence of intent is circumstantial.

The circumstantial evidence of intent is:

The occupant left her apartment at 8:00 a. m. The doors were locked. Two windows, including one adjacent to a door, were left "cracked" for ventilation. At the request of a police officer, she returned to the apartment around 11:00 a. m. "[T]he house was a mess." The screen on the window near the door had a tear of sufficient size "* * * for a hand to reach over and unlatch the door." The door was open. The console stereo had been unplugged and moved several feet toward the door. Knick-knacks had been moved. "The drawers and things were just a mess."

. Officer Johnson was dispatched to the address where the apartment is located to investigate a "possible burglary in progress." When he reached the particular apartment involved in this case, he observed the torn screen, the open door and two men inside the apartment. Defendant was one of the men. Defendant was a step or two inside, coming toward the door. Officer Dietz, arriving shortly after Officer Johnson, also observed defendant in the apartment.

■ The foregoing evidence supports an inference that defendant intended to commit a theft. State v. Andrada, 82 N.M. 543, 484 P.2d 763 (Ct.App.1971); compare State v. Clark, 80 N.M. 340, 455 P.2d 844 (1969). Further, this evidence is substantial.

■ Defendant claims, however, that the foregoing evidence does not point unerringly to his guilt and fails to exclude every reasonable hypothesis other than guilt. State v. Malouff, 81 N.M. 619, 471 P.2d 189 (Ct.App.1970). A hypothesis which defendant says is not excluded is based on defense evidence That evidence is that defendant went to the apartment with his brother, who was trying to locate a former employer; that when apprehended by police he was knocking on the "screen door;" that neither defendant nor his brother was inside the apartment. This defense evidence raised a conflict in the evidence. The credibility of the witnesses was for the jury. The defense evidence having been rejected by the jury, as shown by its verdict, the State's evidence excludes the defense evidence as a reasonable hypothesis. State v. Borunda, 83 N.M. 563, 494 P.2d 976 (Ct.App.), decided January 7, 1972; State v. Beachum, 82 N.M. 204, 477 P.2d 1019 (Ct.App.1970).

■ In the brief, defendant advances the hypothesis that the actual burglar had been frightened away by the appearance of defendant. In support of this hypothesis, defendant points out that no evidence was introduced concerning fingerprints and that defendant was not wearing gloves. Further, defendant seems to rely on the fact that the officers found nothing on defendant which they classified as burglar tools. We do not consider this hypothesis to be reasonable in the light of the jury verdict which necessarily determined that defendant was inside the apartment, and in light of the undisputed evidence of the torn screen, the open door and the "mess" inside the apartment. See State v. Atwood, 83 N.M. 416, 492 P.2d 1279 (Ct. App.), decided December 3, 1971.

■ Although we have answered defendant's "reasonable hypothesis" contentions, we point out that the circumstantial evidence rule is not a concept independent of the question of whether there is substantial evidence to support the verdict. As stated in State v. Clements, 31 N.M. 620, 249 P. 1003 (1926): "The rule in a circumstantial evidence case is but a special application of the general rule of reasonable doubt. The jury having been properly instructed as to the defendant's rights, its decision is final if supported by substantial evidence. * * *"

*Cross-examination as to specific act of misconduct.*

The State, cross-examining the defendant, asked: "Mr. Madrid, isn't it true that

on November 27, 1970 that you removed a color television set from the residence of Esther Cassell, 1811 Girard [Southeast without authority or permission]?" As originally asked, the bracketed words were not included in the question. After argument, defendant's objection to the question was overruled. The question was restated, including the bracketed words. Defendant answered: "No." The questioning then went on to other matters.

Section 20-2-4, N.M.S.A.1953 (Repl.Vol. 4) authorizes this question concerning specific acts of misconduct. See State v. Baca, 81 N.M. 686, 472 P.2d 651 (Ct.App. 1970); State v. Sharpe, 81 N.M. 637, 471 P.2d 671 (Ct.App.1970); State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970). For criticism of the statute, see Jonathan B. Sutin, Impeachment of a Witness's Character in New Mexico, 2 Nat.Res.J. 575 (1962).

■ Defendant contends the question and answer were improper because the defendant had not opened up the matter of prior misconduct on his part. See State v. Baca, supra. The test for such questioning is set forth in State v. Hargrove, 81 N.M. 145, 464 P.2d 564 (Ct.App.1970). See State v. McFerran, 80 N.M. 622, 459 P.2d 148 (Ct.App.1969). That test does not require the defendant to have opened up the matter. Specifically, the defendant may be questioned as to specific acts of misconduct even if defendant has not opened up the matter.

■ Defendant also claims that a mistrial should have been granted because, after allowing the question and answer, the trial court did not direct the jury to disregard the question and answer. Since the question and answer were permissible, there was no occasion to instruct the jury concerning the question.

*Failure to admonish jury when objection sustained.*

The defendant, cross-examining Officer Johnson, asked the officer to describe what might be burglary tools. The officer included a pocket knife in the items he listed. The officer was asked if "anything like that" (the items listed) was used to gain entrance. The officer stated that apparently a pocket knife had been used. However, the officer did not recall having found a pocket knife.

On redirect examination, responding to a question as to the difference between property found on a person and evidence in a case, the officer interjected that defendant "probably had a pocket knife." An objection to this interjection was sustained.

Defendant, on appeal, asserts that this interjected answer was highly prejudicial " * * * especially when no admonition to disregard the answer was given the Jury. * * *" Defendant did not request such an admonition at the time his objection was sustained. In the instructions to the jury upon submission of the case, the jury was told not to concern itself with the reasons for the court's rulings on evidentiary matters and not to draw any inferences from the rulings. Further, the jury was told that whether evidence is admissible is a question of law.

■ Since a specific admonition was not requested by defendant, the trial court did not err in not giving a specific admonition. Assuming, but not deciding, that an admonition was required, the general instruction sufficed. State v. McFerran, supra; compare State v. Paul, 83 N.M. 527, 494 P.2d 189 (Ct.App., decided February 4, 1972).

*Instructions.*

■ Defendant asserts that two of the instructions to the jury were ambiguous. Instruction 2 concerning intent was objected to. It states that intent is seldom susceptible of direct proof but that intent may be inferred from the acts of a person and the circumstances surrounding the acts at the time they are done. There is no ambiguity; the instruction is consistent with State v. Andrada, supra, and State v. Clark, supra.

■ Instruction 4 concerns impeachment. It was not objected to. It informed

the jury as to permissible methods of impeachment and stated that if the jury believed a witness had been impeached the jury could take the impeachment into consideration in determining the weight and credibility of the witness' testimony. See N.M.U.J.I. 15.4.

Defendant argues that the impeachment instruction, being ambiguous, and tending to sway the jury toward the prosecutor's question concerning the television set, failed to cure the effect of prejudicial testimony. The asserted prejudicial testimony is the question concerning the television set and the officer's interjection concerning a pocket knife. All but one element of this argument has been previously answered. The instruction is not ambiguous; the testimony did not amount to legal prejudice requiring a reversal.

The remaining element of the argument is that the instruction tends to sway the jury toward the prosecutor's question concerning the television set. This element is speculation. The impeachment instruction is in general terms; it does not single out any particular item of evidence. Further, the record shows there was impeachment evidence other than the question concerning the television set. Defendant admitted to a prior conviction; on the stand he asserted the officers lied in their testimony. Rebuttal evidence of the State permits the inference that defendant had not told the truth when he named the person he assertedly was looking for when he went to the apartment.

The argument concerning instructions is without merit.

### Closing argument.

■ Defendant complains because, in closing argument, the prosecution referred to the prior conviction which had been admitted into evidence. This was a conviction of aggravated assault in 1966, approximately five years prior to the trial leading to the present conviction. Our understanding of this contention is that even though prior convictions are admissible for impeachment purposes, it was error for the prosecution to refer to this conviction because of the time elapsed subsequent to the conviction. This is incorrect; the time factor in itself does not exclude the prior conviction. State v. McFerran, supra.

■ Defendant also contends that the prosecutor's argument was improper because he stated that defendant was "caught inside moving the furniture around." This comment was within the realm of permissible comment on the evidence introduced in this case. State v. Santillanes, 81 N.M. 185, 464 P.2d 915 (Ct.App.1970); see State v. Pace, 80 N.M. 364, 456 P.2d 197 (1969).

### Procedure for enhanced sentence.

Subsequent to the conviction being reviewed in this appeal, a supplemental information was filed seeking an enhanced sentence on the basis of two prior felony convictions in New Mexico.

Defendant asserts the procedural requirements of § 40A–29–7, N.M.S.A.1953 (Repl.Vol. 6) were not met. He states that the transcript fails to show that defendant was ever informed of his rights, or knew the penalties which might accrue under the habitual criminal statute, or that he waived his rights. This is incorrect.

The record shows that the supplemental information, which sought the enhanced sentence, was read in open court with defendant present; that defendant admitted to being the person convicted as charged in the supplemental information. This occurred when defendant was represented by counsel who, immediately after the enhanced sentence was imposed, informed the court that defendant desired to appeal and requested that a bond be set pending the outcome of the appeal.

■ Although the record does not show that defendant was informed by the trial court that he had a " * * * right to be tried as to the truth * * * " of the supplemental information, his admission, while being represented by counsel, waived this requirement. State v. Knight, 75 N.M. 197, 402 P.2d 380 (1965); compare State v. Brill, 81 N.M. 785, 474 P.2d 77 (Ct.

App.1970); State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct.App.1968). Section 40A–29–7, supra, does not specifically require the trial court to advise a defendant of the enhanced penalty. As to the general requirement, see Neller v. State, 79 N. M. 528, 445 P.2d 949 (1968).

The judgment and sentence are affirmed.

It is so ordered.

SUTIN and COWAN, JJ., concur.