501 P.2d 1077

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Erineo Meliton OTERO, Jr., Defendant-Appellant.**

**No. 919.**

Court of Appeals of New Mexico.

Sept. 22, 1972.

James E. Vaughan, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Ronald Van Amberg, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

COWAN, Judge.

Defendant appeals following his conviction for the unlawful taking of a vehicle. Section 64–9–4, N.M.S.A.1953 (2nd Repl. Vol. 9, pt. 2).

We affirm.

On August 27, 1971, at approximately 11:30 p. m., Randolph Salmans parked his motorcycle across the street from his place of employment in Albuquerque. Somewhat later he observed three men, one of them the defendant, in the area near his motorcycle. At about 3:00 a. m. he was told by a co-employee that his motorcycle had been taken. Accompanied by a security guard he crossed the street and went into an alley where he observed two people pushing the motorcycle ahead of them, one of whom he identified as the defendant by his colorful orange-yellow shirt. The police had been

258

alerted and Officer Griego drove his squad car into the alley and shined his light on the two men with the motorcycle, who abandoned the motorcycle and fled. The one in the orange-yellow shirt was captured by Officer Griego and returned to Salmans' place of employment where Salmans identified him as the defendant. The state presented other testimony identifying the defendant by his colorful shirt.

The defendant testified that he had left a bar at closing time; had purchased a six-pack of beer and had entered the alley in question where he opened one of the cans of beer and drank it as he walked along; that a man came up behind him pushing a motorcycle and requested the defendant to help start it by pushing; that they were in the process of attempting to start the motorcycle when the squad car turned its light on them; that the defendant became frightened and ran but was captured by the officer.

■ Defendant asserts that the trial court should have concluded as a matter of law that the evidence was circumstantial and that it failed to "point unerringly to the defendant and failed to exclude every reasonable hypothesis other than guilt." This argument lacks merit for two reasons. First, there was both direct and circumstantial evidence supporting the verdict. See State v. Page, 83 N.M. 487, 493 P.2d 972 (Ct.App.1972).

■ Second, in State v. Madrid, 83 N.M. 603, 495 P.2d 383 (Ct.App.1972), this court reaffirmed the New Mexico Supreme Court's pronouncement in State v. Clements, 31 N.M. 620, 249 P. 1003 (1926), that a verdict in a criminal case will not be set aside if supported by substantial evidence and that this rule is not varied by the fact that the evidence was circumstantial.

■ The credibility of the witnesses and the weight to be given their testimony was for the jury. By its verdict the jury resolved all conflicts and rejected the defendant's version of the incident. We cannot say as a matter of law that the evidence did not warrant the verdict of guilty.

The judgment and sentence of the trial court is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.