510 P.2d 916

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Frank MARTINEZ, Defendant-Appellant.**

**No. 1082.**

Court of Appeals of New Mexico.

May 16, 1973.

Monte Lee Sherrod, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Harvey B. Fruman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Convicted of two counts of forgery, defendant appeals. Section 40A–16–9, N.M. S.A.1953 (2d Repl.Vol. 6). The convictions were on the basis that defendant was an accessory, or aider and abettor. See §§ 40A–1–14 and 41–6–34, N.M.S.A.1953 (2d Repl.Vol. 6); State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966), cert. denied, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967). The issues are directed to the sufficiency of the evidence. They are: (1) transfer of an interest in the instruments which are the subject of the forgery; (2) criminal intent; and (3) circumstantial evidence.

*Transfer of interest in the instruments which are the subject of the forgery.*

The instruments involved are two checks. Josie Rael Owings was the payee of both. She testified that she had expected the checks; never received them; did not "sign" them; did not give authority to anyone to "sign" them; was not the person who cashed the checks; and, did not know the defendant.

The checks carry an endorsement in the name of the payee. They were presented for payment at the drive-in window of a bank by an unidentified woman who was a passenger in a vehicle driven by defendant. The teller paid the checks; the money was paid to the unidentified woman.

The foregoing is evidence that transferring, or passing an interest, in the checks endorsed by someone other than the payee was by the unidentified woman. See State v. Tooke, 81 N.M. 618, 471 P.2d 188 (Ct. App.1970). Thus, the evidence is to the effect the forgery was committed by the unidentified woman. See § 40A–16–9(B), supra. Since the evidence does not indicate that defendant passed an interest in the checks, defendant contends the evidence is insufficient to sustain his conviction for forgery.

This argument overlooks evidence indicating defendant aided and abetted the forgery by the unidentified woman. As an

aider and abettor, defendant was to be "* * * prosecuted, tried, and punished as a principal. * * *" State v. Ochoa, 41 N.M. 589, 72 P.2d 609 (1937); see State v. Nance, supra; § 41–6–34, supra.

■ The fact that defendant was not the person who passed an interest in the checks does not aid defendant if the evidence of defendant's aiding and abetting is sufficient. Defendant's challenge to the sufficiency of this evidence is stated in the next two points.

*Criminal intent.*

■ "* * * To be an aider or abettor, one must share the criminal intent of the principal. There must be a community of purpose, a partnership, in the unlawful undertaking." [Citation omitted] State v. Harrison, 81 N.M. 324, 466 P.2d 890 (Ct.App.1970). Section 40A–16–9, supra, requires an "intent to injure or defraud." Compare State v. Smith, 32 N.M. 191, 252 P. 1003 (1927). To be an aider or abettor, defendant must have shared an intent to injure or defraud.

■ Defendant asserts the evidence is insufficient to show such an intent. We disagree.

When the unidentified woman presented the checks for payment, she presented a social security card as identification. The bank teller said this was insufficient identification. The unidentified woman said she had no other identification, but continued to hold herself out as Josie Rael Owings.

The teller then asked defendant if he knew Mrs. Owings personally; defendant said he did. The teller asked defendant "* * * if he would be willing to sign on the checks with her and he said yes he would. * * *" Defendant then endorsed both of the checks in the presence of the teller and showed his driver's license as identification. The teller wrote defendant's driver's license number and his address on the back of the checks.

"* * * The evidence of aiding and abetting may be as broad and varied as are the means of communicating thought from one individual to another; by acts, conduct, words, signs or by any means sufficient to incite, encourage or instigate commission of the offense or calculated to make known that commission of an offense already undertaken has the aider's support or approval. * * *" State v. Ochoa, supra; State v. Harrison, supra.

Defendant's conduct and words supported the forgery undertaken by the unidentified woman. There is substantial evidence that defendant shared the unidentified woman's intent to defraud.

*Circumstantial evidence.*

Defendant asserts the evidence of his criminal intent "* * * was the purest form of circumstantial evidence * * *" which was not incompatible with a rational theory of his innocence. Thus, he invokes the circumstantial evidence rule stated in State v. Campos, 79 N.M. 611, 447 P.2d 20 (1968) and State v. Easterwood, 68 N.M. 464, 362 P.2d 997 (1961).

■ We agree that the evidence of his intent is circumstantial. Defendant, however, advances no theory of innocence. The evidence, which is uncontradicted, is substantial and points unerringly to him as an aider and abettor. The evidence is sufficient to sustain the conviction. State v. Madrid, 83 N.M. 603, 495 P.2d 383 (Ct. App.1972).

The judgment and sentence is affirmed. It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.