512 P.2d 691

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Gary Darvin PEDEN, Defendant-Appellant.**

**No. 1114.**

Court of Appeals of New Mexico.

June 27, 1973.

George H. Perez, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Randolph B. Felker, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

Defendant was charged with residential burglary pursuant to § 40A–16–3, N.M.S.A.1953 (2d Repl.Vol. 6). The state intro-

duced undisputed evidence that defendant had entered a dwelling without authorization and aided in removing a television set therefrom. Throughout the trial defendant contended that he had no idea the television and other items removed were stolen. He merely thought he was helping a former employer, one Rita Blea, remove items belonging to her.

From an adverse judgment and sentence, defendant asserts the following contentions for reversal: (1) there was insufficient evidence on the issue of intent to allow an inference by the jury; (2) the prosecuting attorney prejudiced defendant by an improper comment during summation; and (3) the court erred in refusing certain instructions.

We affirm the conviction.

(1) *There was sufficient evidence to permit the jury to draw an inference that the defendant intended to commit theft.*

■ On the issue of intent, defendant makes two arguments. The first is that the evidence required the jury to make an inference on an inference to find that the defendant had the requisite intent. See State v. Serrano, 74 N.M. 412, 394 P.2d 262 (1964). Defendant was tried on an accessory theory for helping Rita Blea remove a television from a dwelling. Defendant contends that before the jury could conclude the element of criminal intent was proved beyond a reasonable doubt, they would have to infer that defendant shared Rita Blea's criminal intent which they would in turn have inferred from the circumstances of the case. We disagree.

A close reading of State v. Serrano, supra, indicates that the argument must fail. There the court, quoting 22A C.J.S. Criminal Law § 579, with approval stated:

" '* * * the rule that an inference cannot be based on an inference merely means that an inference cannot be based on evidence which is uncertain or speculative or which merely raises a conjecture or possibility. A fact established by circumstantial evidence may serve as the basis for an inference or presumption. * * *' "

The inference that defendant had a common criminal purpose with Blea is hardly speculative or conjectural. The jury did not agree. If we read the rule as rigidly as defendant suggests, we would be ignoring the admonition in State v. Serrano, supra, that the rule is not to be used to inhibit a logical progression of ideas. Furthermore, there was ample evidence of intent not based on the inference that defendant was aiding Blea.

The fact of the victim's house being broken into; defendant entering the house; defendant helping to carry off various items; defendant helping to carry the items over a four foot fence in the back of the house rather than going by way of the sidewalk at the front of the house; defendant being recognized by the victim's neighbor while carrying some of the items taken during the burglary; concealment of some of the taken items; and defendant fleeing when discovered, although subsequently returning to the vicinity of the victim's house is evidence sufficient to sustain an inference of criminal intent. State v. Lott, 40 N.M. 147, 56 P.2d 1029 (1936); State v. Madrid, 83 N.M. 603, 495 P.2d 383 (Ct.App.1972); State v. Ortega, 79 N.M. 707, 448 P.2d 813 (Ct.App.1968).

■ Defendant next contends that "the state relies solely upon circumstantial evidence which is not incompatible with the innocence" of the accused. The circumstantial evidence rule is set forth in State v. Easterwood, 68 N.M. 464, 362 P.2d 997 (1961) as follows:

"Where circumstantial evidence alone is relied upon for a conviction such evidence must be incompatible with the innocence of the accused upon any rational theory and incapable of explanation upon any reasonable hypothesis of the defendant's innocence. * * *"

See also State v. Borunda, 83 N.M. 563, 494 P.2d 976 (Ct.App.1972); State v. Beachum, 82 N.M. 204, 477 P.2d 1019 (Ct. App.1970).

However, the circumstantial evidence rule does not apply where direct evidence is used to support *any part* of the conviction. State v. Hinojos, 78 N.M. 32, 427 P. 2d 683 (Ct.App.1967). That there is substantial, direct evidence in the record to support the conviction is obvious from our preceding comments.

 Further, defendant's hypothesis on innocence, that he was merely helping a friend, in light of the foregoing direct evidence is not considered a reasonable hypothesis. The jury, by its verdict, did not believe defendant's story. See State v. Atwood, 83 N.M. 416, 492 P.2d 1279 (Ct. App.1971); State v. Madrid, supra.

As we stated in State v. Madrid, supra:

"Although we have answered defendant's 'reasonable hypothesis' contentions, we point out that the circumstantial evidence rule is not a concept independent of the question of whether there is substantial evidence to support the verdict. As stated in State v. Clements, 31 N.M. 620, 249 P. 1003 (1926): 'The rule in a circumstantial evidence case is but a special application of the general rule of reasonable doubt. The jury having been properly instructed as to the defendant's rights, its decision is final if supported by substantial evidence. * * *' "

**(2)** *The defendant did not preserve error on the prosecutor's reference to a prior conviction.*

Defendant admitted to a prior conviction for burglary on direct examination. In his closing argument the prosecuting attorney commented on the evidence as follows:

"I want you to remember that we don't have a person here who is completely naive in the elements of crime. We have a person who by his own admission—"

At this point the court interrupted the prosecutor. A conference was held at the bench where the prosecutor was apparently admonished, because he continued on a different line of argument. After the jury retired, defense counsel moved for a mistrial. We do not think that the motion was timely. In order to secure a review of an improper argument to the jury after an admonition by the trial court, such further relief as is desired should be immediately requested and, in any event, before the jury retires. Territory v. Torres, 16 N.M. 615, 121 P. 27 (1911).

**(3)** *Defendant's requested instructions were properly refused.*

We find that defendant's requested instructions Nos. 1 and 2 were given by the court in substance, if not verbatim. Defendant claims that the court's instruction No. 6 is confusing and not a correct statement of the law. In view of defendant's lack of specificity in this regard, the objection was not sufficient to alert the trial court to any possible error. Therefore, defendant has not preserved error. Castillo v. Juarez, 80 N.M. 196, 453 P.2d 217 (Ct.App.1969).

Affirmed.

It is so ordered.

HENDLEY and J. SUTIN, JJ., concur.