524 P.2d 523

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Max URBAN, Defendant-Appellant.**

**No. 1385.**

Court of Appeals of New Mexico.

·June 5, 1974.

Rehearing Denied July 1, 1974.

**352**

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appéllate Defender, Santa Fe, Patricia A. Madrid, Albuquerque, Donald Klein, Jr., Assistant Appellate Defenders, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Special Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his convictions of robbery while armed with a deadly weapon and aggravated battery. Sections 40A–16–2 and 40A–3–5, N.M.S.A.1953 (2d Repl.Vol. 6). The 1973 amendment to § 40A–16–2, supra, is not applicable. The issues concern: (1) sufficiency of the evidence; (2) an instruction defining aggravated battery; and (3) the applicability of § 40A–29–3.1, N.M.S.A.1953 (2d Repl.Vol. 6).

Three masked men entered Gino's Lounge about 1:30 a. m. They were armed; they wanted money. One of the men took Gino into the office portion of the building and attempted to rob the safe. Gino foiled this attempt. In the process, Gino and the first man were wounded; this first man was captured at the scene.

The shooting taking place in the office portion interrupted the efforts of the second of the three men to rob the cash register at the bar. Gino and this second man exchanged gun fire, after which the second and third man escaped from the building. Gino was wounded in the left shoulder in this shoot-out. As they ran out of the building, Judy Cook, the bartender, fired at least one shot in the direction of the fleeing men. Shortly thereafter Gino was shot in the back by a man firing through the drive-up window of the package store.

*Sufficiency of the evidence.*

The evidence that defendant was one of the two men who escaped is circumstantial. Defendant asserts this evidence is insufficient because it fails to exclude every reasonable hypothesis of his innocence. See State v. Campos, 79 N.M. 611, 447 P.2d 20 (1968).

Defendant's claim is based on the following items: (a) defendant was wounded in the left leg. Gino fired one shot at the second robber and testified that *if* he hit him, it would be on the right side. Defendant was not wounded in the right side. (b) An assertion of a failure to prove that a certain gun was ever in the possession of defendant. (c) A trail from Gino's to where defendant was found had gaps in it; blood on the trail was never identified as matching the blood of defendant; footprints on the trail were never identified as defendant's footprints. These items raised no reasonable hypothesis of innocence when one considers the evidence which points toward defendant.

Robber number 2, the one who wounded Gino in the left shoulder, was identified as wearing a nylon stocking mask and a jacket of some kind. There were drops of

blood on the sidewalk outside Gino's. There were fresh footprints leading across a field, away from Gino's, in a southeasterly direction. A jacket and a stocking mask were found about twelve feet distant from footprints on this trail. The footprints indicated a running gait. The footprints led to Coors Boulevard near its intersection with Brayton Road and Estancia Drive.

There was a gap in the tracking from the Coors intersection for almost a one block distance south to the intersection of Estancia Drive and Glenrio Road. Slightly north of this intersection officers located a trail of blood drops which led to the Estancia-Glenrio intersection, then one block east on Glenrio and then south on 59th Street to the Olguin residence.

Defendant went to the Olguin residence, was admitted, and made two telephone calls from the kitchen, where he was alone for a short time. He was bleeding from the left leg. A trail of blood drops on the kitchen floor went from the chair in which he was seated to the sink. A gun was found in a garbage can near the sink under some trash. There is evidence, from two Olguins, that no one on the premises had a gun prior to defendant's arrival; that no one could have entered the residence through the back because the door was locked; and, that defendant was the only stranger on the premises that evening.

The affair at Gino's began about 1:30 a. m.; defendant arrived at the Olguin residence around 2:20 or 2:30 a. m. The distance from Gino's to the Olguin residence is about ¼ mile.

The gun found at the Olguin residence was identified as a gun which had been fired at Gino's. This identification was by test firing and comparing the bullet and shell casing with bullets and shell casings recovered at Gino's.

The foregoing is substantial evidence that defendant was the man with the nylon stocking mask involved in the crimes at Gino's.

Defendant contends that where the evidence is circumstantial, more than substantial evidence is required. This is incorrect. "[T]he circumstantial evidence rule is not a concept independent of the question of whether there is substantial evidence to support the verdict." State v. Madrid, 83 N.M. 603, 495 P.2d 383 (Ct.App.1972). "[A] verdict in a criminal case will not be set aside if supported by substantial evidence and . . . this rule is not varied by the fact that the evidence was circumstantial." State v. Otero, 84 N.M. 257, 501 P.2d 1077 (Ct.App.1972); see State v. Peden, 85 N.M. 363, 512 P.2d 691 (Ct.App. 1973).

■ The attempted robbery of the safe and the cash register was unsuccessful. The robbery charge against defendant was that he robbed a cocktail waitress of money. Defendant claims the evidence is insufficient to show that a robbery occurred or that he was the robber. We disagree.

There is evidence that, when the three masked men entered, the only customers in Gino's were sitting at the bar. At that time, the waitress was standing in front of the bar in the area reserved for her and known as the "service area." She had an ashtray of distinctive shape which she used for change. This ashtray contained $2.00 to $3.00 in change and was sitting on the bar. The robbers required the customers and the waitress to get down on the floor. The only people standing were two of the robbers (Gino and one robber were in the officer area, the bartender was on the floor behind the bar).

The waitress was kneeling on the floor in the service area. She "sensed" one of the robbers come up behind her, "and I heard the jingling of change." After the two robbers escaped, the waitress' ashtray was found on a table in the "lounge" area with one dime in it, stuck to the bottom of the tray. All ashtrays had been collected from the lounge area earlier in the evening; no one was in the lounge area during the affair at Gino's except the robbers.

This is substantial evidence that there was a robbery of the change in the ashtray.

The evidence as to which of the robbers took the change is sparse and conflicting. It does not matter that the evidence fails to establish, with any particularity, that defendant was the one who took the change. The jury was instructed on aiding and abetting. The evidence is substantial that defendant was at least an aider and abettor of the robbery of the change. State v. Ochoa, 41 N.M. 589, 72 P.2d 609 (1937); State v. Orzen, 83 N.M. 458, 493 P.2d 768 (Ct.App.1972); State v. Gonzales, 82 N.M. 388, 482 P.2d 252 (Ct.App.1971); State v. Anaya, 79 N.M. 43, 439 P.2d 561 (Ct.App. 1968).

*Instruction defining aggravated battery.*

The aggravated battery count charged that the offense was committed with a firearm. The "material allegations" instruction to the jury was consistent with the charge. Another instruction defined aggravated battery in the statutory terms stated in § 40A-3-5(C), supra. Thus, aggravated battery was defined in terms of great bodily harm, or with a deadly weapon, or in a manner whereby great bodily harm or death could be inflicted.

Defendant contends the instruction defining aggravated battery in three alternate ways permitted the jury to convict the defendant of acts with which he had not been charged. He does not claim that he could not have been charged with all three methods defined in § 40A-3-5(C), supra. His claim is that the State limited the charge to use of a deadly weapon, and the instruction permitted the jury to go beyond the specific method charged. Compare State v. Villa, 85 N.M. 537, 514 P.2d 56 (Ct.App.1973).

■ Defendant did not object to the instruction defining aggravated battery. Thus, he is faced with the rule that objections to instructions cannot be raised for the first time on appeal. See paragraph (g) of § 41-23-41, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973). Unless defendant can avoid this rule, his contention concerning the instruction will not be reviewed.

Defendant seeks to avoid the rule on three grounds.

■ First, defendant asserts he was not required to object to the instruction. Section 41-23-41(a), supra, states: "The court must instruct the jury upon all questions of law necessary for guidance in returning a verdict." Under § 41-23-41(g), supra, no objection is required to preserve error in connection with an instruction required to be given under § 41-23-41(a), supra. Defendant asserts the instruction defining aggravated battery was a necessary instruction. It was not. The trial court instructed the jury as to the material elements of the aggravated battery charge. The instruction generally defining aggravated battery was not needed to guide the jury in this case and was superfluous.

■ Second, defendant asserts the contention can be raised on appeal for the first time because the instruction amounted to jurisdictional error. State v. Gunzelman, 85 N.M. 295, 512 P.2d 55 (1973). Defendant was before the district court. He does not assert the district court was without authority over the offense charged or was without authority to proceed in the matter. See State v. Patten, 41 N.M. 395, 69 P.2d 931 (1937). He does not assert that the trial court failed to instruct on an essential element of the crime charged. State v. Gunzelman, supra.

■ Defendant has the burden of demonstrating an absence of jurisdiction. State v. Lucero, 82 N.M. 367, 482 P.2d 70 (Ct.App.1971). His claim is that the instruction defining aggravated battery covered three alternatives and, thus, was inconsistent with the specific charge of aggravated battery. Assuming such an inconsistency, this does not amount to a claim of jurisdictional error. State v. Gunzelman, supra. Defendant has failed to demonstrate jurisdictional error in the instruction.

Third, defendant claims the instruction amounted to fundamental error. Since the evidence in this case fully sustains the verdict of guilty, the fundamental error claim appears to be based on the view that it would shock the conscience to let the conviction stand. State v. Rodriguez, 81 N.M. 503, 469 P.2d 148 (1970).

Defendant relies on State v. Loveless, 39 N.M. 142, 42 P.2d 211 (1935). The error in *Loveless,* supra, was in instructing the jury "that the defendant was on trial for an offense distinct from the one of which he was charged." That is not the situation in this case. Defendant also relies on State v. Buhr, 82 N.M. 371, 482 P.2d 74 (Ct.App.1971). The error in *Buhr,* supra, was in first instructing the jury that premeditation was required for second degree murder and then instructing that premeditation was not required. This case is not similar.

In this case, the jury was instructed that a material element of the charge was that defendant committed the aggravated battery by use of a deadly weapon. The jury was also instructed that aggravated battery could be committed with a deadly weapon or in two other ways. Since the evidence is clear that a deadly weapon was used, even if the general definition of aggravated battery was error, it does not shock the conscience to let the conviction stand. There is no basis for applying the doctrine of fundamental error in this case. State v. Rodriguez, supra.

Not having demonstrated that the instruction generally defining aggravated battery can be attacked for the first time on appeal, the instruction will not be reviewed.

Applicability of § 40A–29–3.1, supra.

Where a separate finding of fact shows a firearm was used in the commission of "any crime constituting a felony other than a capital felony, the court shall not suspend the first one [1] year of any sentence imposed." Section 40A–29–3.-1(B), supra.

Defendant asserts the provisions of § 40A–29–3.1(B), supra, were applied in this case. He contends this was improper, asserting a variety of reasons.

The sentences imposed in this case, on each of the offenses, are authorized by § 40A–29–3, N.M.S.A.1953 (2d Repl.Vol. 6). There is nothing showing that § 40A–29–3.1(B), supra, has been applied to defendant's sentences. Defendant's claim that § 40A–29–3.1(B), supra, was applied to his sentences has no basis other than speculation. No reviewable question is presented. State v. Snow, 84 N.M. 399, 503 P.2d 1177 (Ct.App.1972).

The judgment and sentences are affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.