525 P.2d 889

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Michael Ernest VOLKMAN, Kenneth Wool-
fork, Lawrence Thomas Kaasch,
Defendants-Appellants.**

**No. 1251.**

Court of Appeals of New Mexico.

July 31, 1974.

Hernandez, J., concurred in result.

**530**

Patrick S. Villella, Knight, Sullivan & Villella, Albuquerque, for defendants-appellants.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

The three defendants were arrested after Officer Hatty of the Albuquerque Police Department found them in possession of material suspected to be marijuana. In a joint trial, all three were convicted of possession of more than eight ounces of marijuana contrary to § 54–11–23, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2, Supp.1973).

Defendants Volkman and Woolfork claim that the trial court erred in failing to grant their motion to sever their trials from that of defendant Kaasch. All defendants claim that their right against self-incrimination was violated. Both contentions are meritorious.

### Severance

Defendant Kaasch, outside of the presence of the other defendants, confessed to Officer Jones that he knew that the material seized was marijuana. Defendants Volkman and Woolfork claim that this was a hearsay statement which would be inadmissible in a separate trial of each. The state conceded this point below and does not dispute it on appeal. Rule 34, N.M.R. Cr. P., § 41–23–34, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp.1973), states:

"... *Motion for severance of offenses or defendants.*

"(a) If it appears that a defendant or the prosecution may be prejudiced by a joinder of offenses or of defendants in any complaint, indictment or information, or by joinder for trial, the court

may order separate trials of offenses, grant a severance of defendants, or provide whatever other relief justice requires.

"(b) Upon motion, any defendant shall be granted a separate trial as of right: (1) if the court finds that the defendants were not properly joined under Rule 11 [41–23–11]; or (2) if the court finds that the prosecution probably will present evidence against a joint defendant, other than reputation or character evidence, which would not be admissible in a separate trial of the moving defendant."

■ The state seeks to avoid the effect of Rule 34(b)(2), supra, by arguing that since Kaasch's statement did not implicate the other defendants, they were not prejudiced. Under our prior practice, prejudice was required to be shown. State v. Gunthorpe, 81 N.M. 515, 469 P.2d 160 (Ct. App.1970), cert. denied, 401 U.S. 941, 91 S.Ct. 943, 28 L.Ed.2d 221 (1971). We do not think that Rule 34(b)(2), supra, requires prejudice. See Commentary, New Mexico Rules of Criminal Procedure, Rule 34; ABA Standards Relating to Joinder and Severance, § 2.3 (Approved Draft 1968). If we did require prejudice to be shown, part (b) of the rule would become surplusage because a case for severance would already be made out under part (a). That part explicitly requires prejudice and prejudice only.

We think the intent of the Supreme Court in adopting this rule was to avoid the problem of guilt by association in all cases regardless of whether direct prejudice can be demonstrated.

■ We note that defense counsel requested no formal findings. The rule explicitly requires findings by the trial court. The failure to request findings when they are required could be construed as a waiver. See Wallace v. Wanek, 81 N.M. 478, 468 P.2d 879 (Ct.App.1970). There was no waiver in the case at bar, however. The state stipulated that it would present the confession against Kaasch and admitted

that the hearsay evidence would not be admissible in a separate trial of the moving defendants.

*Self-incrimination*

 At the hearing on all three defendants' motion to suppress, defense counsel stated:

> "MR. VILLELLA: Your Honor, I would like to call the defendants to the stand, each individually. Before I do, I would request and offer their testimony only for the purposes of this particular motion, not waiving or forfeiting any rights to the protection of the Fifth Amendment at the time of trial and under stipulation that none of the testimony which comes out at this trial will be offered against them."

The state refused to accede to this procedure. The court refused to sign, " . . . any order prohibiting the admission of any of the testimony." The defendants claim this refusal was error.

The Court in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), held that a defendant could not be required to elect between, " . . . a valid Fourth Amendment claim or, in legal effect, . . . [a waiver of] his Fifth Amendment privilege against self-incrimination. . . ." The state seeks to avoid *Simmons* by arguing that since substantial evidence of probable cause to arrest appears on the record, there was no prejudice. We rejected a similar contention in State v. Pacheco, 85 N.M. 778, 517 P.2d 1304 (Ct.App.1973). The prejudice results from the unconstitutional denial of a hearing.

The judgments as to defendants Volkman and Woolfork are reversed and the causes remanded for a new trial consistent herewith. As to defendant Kaasch, the judgment is vacated and remanded for a hearing upon his motion to suppress. If that motion is denied after the hearing, the trial court is instructed to reinstate the conviction. If it is granted, the defendant shall receive a new trial. See State v. Sanchez, 85 N.M. 368, 512 P.2d 696 (Ct. App.1973).

It is so ordered.

SUTIN, J., concurs.

HERNANDEZ, J., concurs in the result.