526 P.2d 807

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Kenneth D. DOUGLAS, Defendant-Appellant.**

**No. 1334.**

Court of Appeals of New Mexico.

Aug. 7, 1974.

Certiorari Denied Sept. 20, 1974.

Alfred M. Carvajal, Carvajal, Cherpelis & Parker, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, George A. Morrison, Sp. Asst. Atty. Gen., Albuquerque, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

After a trial to the court defendant was convicted of burglary. Section 40A–16–3, N.M.S.A. 1953 (2d Repl.Vol.1972). He asserts two errors for reversal: (1) sufficiency of the evidence; and, (2) improper consideration of evidence by the judge in his role as fact-finder and denial of right to confront the judge when the judge improperly considered evidence.

1. Sufficiency of the Evidence.

 During the burglary of a gas station, a coke machine was forcefully entered. Approximately one-fifth of a latent fingerprint was found on the inside of the coke machine. At trial a police officer from the criminalistics division testified

that the fingerprint "lifted" from the coke machine was the same as that on defendant's fingerprint card. This was done on the basis of a ten point comparison to a print taken from defendant under controlled circumstances. The gas station operator testified that he owned and operated the coke machine, that he had the key, that his son had access to the key and that his son, "to [his] knowledge," never opened the machine.

Defendant claims this is insufficient evidence to convict because the evidence does not exclude every other reasonable hypothesis of innocence. We disagree.

■ The trial court found there was no other reasonable hypothesis. We, therefore, need only to determine if there was sufficient evidence to support the finding of guilt. State v. Urban, 86 N.M. 351, 524 P.2d 523, decided June 5, 1974 (Ct.App.). The record discloses there was substantial evidence to support the finding of guilt. See State v. Mares, 82 N.M. 682, 486 P.2d 618 (Ct.App.1971) reversed on other grounds, 83 N.M. 225, 490 P.2d 667 (1971). See State v. Mireles, 82 N.M. 453, 483 P. 2d 508 (Ct.App.1971).

2. Improper Evidence Consideration and Confrontation Denial.

■ After finding the defendant guilty, the trial court explained the "basis" for the decision. Part of the explanation involved the trial court's comparison of the fingerprints. Defendant claims this was error because the trial court injected itself, as an expert witness, into the trial. Defendant also claims he was denied the right of confrontation as to the trial court.

We do not agree with the defendant's interpretation of the trial court's remarks. It is the duty of the fact-finder to weigh all the evidence and its credibility. Lopez v. Heesen, 69 N.M. 206, 365 P.2d 448 (1961). The court's explanation shows that it performed that function.

Affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.