531 P.2d 957

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Louie BENAVIDEZ, Johnny Jack Romero and Ernest Chavez, Defendants-Appellants.**

**No. 1560.**

Court of Appeals of New Mexico.

Jan. 22, 1975.

Michael L. Gregory, Las Vegas, for Louie Benavidez.

H. E. Blattman & Jay G. Harris, Las Vegas, for Johnny Jack Romero.

Benny E. Flores, Karelitz & Flores, Las Vegas, for Ernest Chavez.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge

The defendants were convicted of burglary and larceny contrary to §§ 40A–16–3(A) and 40A–16–1, N.M.S.A.1953 (2d Repl.Vol. 6). Judgment and sentences were passed and defendants appeal; we reverse as to all defendants for the reasons that follow.

The record discloses that items valued between $100 and $2,500 were stolen from the victim's home on August 9, 1973. The evidence shows that two or three young men left the scene in a black and white automobile, that a witness followed the vehicle and found it, or a like automobile, several miles from the scene of the theft. The three defendants were seen together near the place where the vehicle was spotted, and later in the afternoon the same three defendants were arrested at a police roadblock between the place where they were seen together and the site of the theft.

After arrest, but prior to trial, the defendants spoke with a former district attorney of San Miguel County in private. After this conversation, Benavidez stated that he would show the police where the stolen items were located. The officer who drove Benavidez to the place where the items were found stated that Benavidez told him during the trip that he had broken into the victim's house by using a screwdriver to open the door.

Benavidez moved to suppress his act and statements on the grounds that these constituted a confession or incriminating admission and were procured through the use of unlawful inducements and were not voluntarily made. Romero and Chavez separately moved for severance from the defendant Benavidez on the ground that this confession was prejudicial and inadmissible at a separate trial of either Romero or

Chavez. All of these motions were reiterated at various points in the trial and were joined by all defendants.

### Inadmissibility of Benavidez' Confession

Benavidez' motion to suppress is based upon the involuntariness of his act which produced physical evidence for the trial and his oral statements made in the course of performing this act which were made to a police officer and later introduced at trial through the officer's testimony.

"Before a confession may be introduced into evidence as such it must be established to have been voluntarily made and not to have been extracted from an accused through fear, coercion, hope of reward or other improper inducements." State v. Turnbow, 67 N.M. 241, 354 P.2d 533, 89 A.L.R.2d 461 (1960).

After a hearing on the motion, the trial court ruled that there was no coercion to render the act or the statements inadmissible.

The record shows that all three defendants had a private conversation with a former district attorney after their arrest; that the former district attorney was a person of some standing in the community; that this man was seen on the day of the crime by Benavidez with the victim of the larceny who was, in fact, acting at that time as his secretary; and that Benavidez' mother had told her son to go to this man if he ever got into any trouble because he would help him out. Immediately after this conversation, Benavidez came out of the closed room and told the police officer that he would show him where the stolen articles were stored.

■ It is settled law in this state that an unlawful inducement which renders a subsequent confession involuntary and inadmissible need not be made by a person in an actual position of authority, but the situation must be such that the person confessing might reasonably consider the promissor as a person able to afford him aid. State v. Foster, 25 N.M. 361, 183 P.

397, 7 A.L.R. 417 (1919). It is similarly the law in other jurisdictions that if the confession was forced from a defendant by hope presented to his mind by a third person, it should be rejected. "In determining this, the judge should look not only to the position and character of the person offering the inducements, as well as of the prisoner, and all the attending circumstances." Beggarly v. State, 8 Baxt. 520 (Tenn. 1875). See also Allen v. State, 53 Ala. App. 66, 297 So.2d 391 (1974); Stokes v. Hancock, 185 So.2d 671 (Miss.1966).

■ The promissor in this case had been district attorney in San Miguel County for almost the entire life span of the defendant Benavidez. He was well known to the defendant as a person with influence and had been recommended as such to him by his mother, who had worked in politics around the county. The defendant was young, 18 years old at the time of the alleged larceny; and although he was not a minor, Benavidez' age is a factor to be considered in determining whether he might reasonably view the promissor as a person able to afford him aid in his situation. Annot., 87 A.L.R.2d 629 (1963). The defendant testified at the hearing that he thought the former district attorney could get the charges dropped. Such a possibility no doubt assumed the status of a probability in the mind of an 18 year old, given the knowledge he had of the position of the promissor in the community.

For this reason, we hold that the confession obtained from Benavidez, consisting of the act of showing the police where the stolen property was hidden and the statements made to the police after emerging from the conference room and on route to the cache site, was unlawfully induced, involuntary and, therefore, inadmissible. The conviction is reversed and the cause remanded for a new trial to be conducted without the use of this confession.

### Severance of Defendants

■ Defendants Romero and Chavez raise an important issue respecting the sev-

erance of their trials from that of Benavidez and from each other: Romero during oral argument on appeal, during trial, and by pre-trial motion: Chavez in his brief on appeal, during trial, and by pre-trial motion. They both argue that a joint trial was prejudicial [§ 41–23–34(a), N.M. S.A.1953 (2d Repl.Vol. 6, Supp.1973)] in that the presence of the three defendants at the same trial, along with the circumstantial evidence joining them together later in the day of the larceny, was an unfair burden. Compare State v. Baca, 85 N.M. 55, 508 P.2d 1352 (Ct. App.1973). Defendants Romero and Chavez also argue that they were entitled to severance as a matter of right since the state intended to present and did present evidence, other than reputation or character evidence, which would not have been admissible in a separate trial of either Romero or Chavez. Section 41–23–34(b)(2), N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973). At a hearing on the various motions presented by the defendants before trial, the court below noted that the prosecution would present Benavidez' confession in evidence. The trial court then proceeded to deny the motions for severance on the ground that the defendants were merely arguing "credibility." Assuming that this was not an abuse of discretion under § 41–23–34(a), supra, which we do not discuss, the trial court incorrectly applied § 41–23–34(b), supra. Prejudice need not be shown to bring a defendant within the scope of § 41–23–34(b), supra. State v. Volkman, 86 N.M. 529, 525 P.2d 889 (Ct. App.1974).

The real question presented by defendants' argument is whether the defendants had a fair trial. State v. Vallejos, 86 N.M. 39, 519 P.2d 135 (Ct.App. 1974); State v. Gutierrez, 78 N.M. 529, 433 P.2d 508 (Ct.App.1967). It was obvious to the trial court that the prosecution intended to use Benavidez' confession at the joint trial. The court and the prosecution both said so during the hearing on defendants' motions. This is more than the "probability" required by § 41–23–34(b),

supra. On appeal, the State concedes that this evidence would not have been admissible at separate trials of either Romero or Chavez. Section 41–23–34(b), supra, is mandatory and a failure to sever the trials of these defendants constitutes reversible error.

The State concedes the applicability of State v. Volkman, supra, to the situations of defendants Romero and Chavez. We therefore hold that the defendants were entitled to severance of their trials as a matter of right; and we reverse and remand for new trials for each defendant.

### Other Matters

■ (1) Benavidez and Chavez argue that the trial court made statements to the jury regarding their role in determining "the kind of community that you are going to have." After a careful reading of the record we do not think that these statements were prejudicial to defendants or demonstrated an abuse of discretion on the part of the trial court. State v. Mireles, 84 N.M. 146, 500 P.2d 431 (Ct.App.1972).

■ (2) Romero contends that he was prejudiced by a jury instruction given regarding confessions:

"A voluntary confession constitutes evidence only against the person making it. It must not be considered as evidence against a co-defendant, and must be disregarded by the jury in determining the guilt or innocence of a co-defendant."

The instruction was necessary to guarantee Romero a fair trial. State v. Garcia, 84 N.M. 519, 505 P.2d 862 (Ct.App.1972). Furthermore, the defendant did not tender a substitute instruction to the trial court. Section 41–23–41, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973). There was no error in the giving of this instruction.

■ (3) Romero and Chavez moved for a directed verdict and assign the denial of this motion as error. Our function in reviewing the trial court's action is limited to whether there was substantial evidence on

the record which would support a verdict of guilty. State v. Douglas, 86 N.M. 665, 526 P.2d 807 (Ct.App.1974); see State v. Peden, 85 N.M. 363, 512 P.2d 691 (Ct. App.1973).

The evidence in the cases against defendants Romero and Chavez appears on the face of the record to be wholly circumstantial. Since no evidence was presented for either defendant at trial, it remains to be seen whether this circumstantial evidence excludes every reasonable hypothesis other than the guilt of the defendants. State v. Easterwood, 68 N.M. 464, 362 P.2d 997 (1961); State v. Martinez, 85 N.M. 198, 510 P.2d 916 (Ct.App.1973). This question is left for the trial court upon retrial of each of these defendants.

■■■ (4) Chavez questions the number of jurors drawn prior to the selection of a petit jury, saying that the draw of 36 jurors violated § 19–1–13, N.M.S.A.1953 (Repl.Vol. 4). We hold that the trial court did not exceed its discretion under § 19–1–12, N.M.S.A.1953 (Repl.Vol. 4, Supp. 1973). Defendant does not claim that his trial was thereby rendered unfair or partial, and his argument is rejected. State v. Gonzales, 82 N.M. 388, 482 P.2d 252 (Ct. App.1971).

■■■ (5) Defendant Chavez further contends that his case was prejudiced by an alleged violation of § 41–23–9, N.M.S. A.1953 (2d Repl.Vol. 6, Supp.1973). Defendant Chavez requested a Statement of Facts on September 19, 1973, and none was delivered to him until January 18, 1974— two working days before trial. We agree that this does not constitute adequate compliance with the statute. However, we regard the error under § 41–23–9, supra, to be harmless in this instance. Section 41–23–51, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973).

■■■ (6) Defendant Chavez also submits that a police officer's testimony regarding the "ownership" of the vehicle allegedly involved in the larceny was admitted without proper foundation. A proper foundation was laid for the officer's testimony that he had seen the defendant driving the vehicle in question on numerous occasions. Since "ownership" of the vehicle is not a material factor in the case against Chavez, but was introduced to link the defendant with the automobile found after the larceny, we think the testimony adduced at trial was neither overly prejudicial nor improperly founded. Error, if any, in phrasing the relationship between Chavez and the automobile, was harmless. Section 41–23–51, supra.

(7) Finally, Chavez urges this court to reverse his conviction on grounds of cumulative error. State v. Gutierrez, supra. We do not reach this argument since the defendant's conviction is being reversed on the severance issue.

The convictions, judgments and sentences of all three defendants are hereby reversed, and the cause is remanded with instructions to grant each defendant a new trial consistent with this opinion.

It is so ordered.

SUTIN, J., concurs.

WOOD, C. J., dissenting in part and specially concurring in part.

WOOD, Chief Judge (dissenting in part and specially concurring in part).

I would affirm Benavidez' conviction.

The majority opinion omits two decisive facts: (1) Martinez, the former District Attorney, talked to the defendants at the request of defendants; and (2) Martinez told the defendants "to give him the things, that he would try to help us out."

The majority opinion gives little, if any, weight to another fact. There is nothing in the record indicating any understanding by Benavidez that Martinez would get the charges dropped. The most that Benavidez understood was that Martinez would talk "to you people" about dropping the charges.

The above items distinguish all of the cases cited in support of the result reached by the majority. For example, in State v.

Foster, 25 N.M. 361, 183 P. 397, 7 A.L.R. 417 (1919), there was a definite understanding that there would be no prosecution if the defendant met with the victim of the larceny and told what he knew. That is not the situation in this case.

I agree that the convictions of Romero and Chavez should be reversed on the basis that they were entitled to severance as of right. I do not agree with the discussion of that issue in the majority opinion.

Section 41–23–34(b)(2), N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973) provides for severance as of right "if the court finds that the prosecution probably will present evidence against a joint defendant . . . which would not be admissible in a separate trial of the moving defendant." The showing made was that the State intended to present evidence of Benavidez' statement. That statement implicated Romero and Chavez. Under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L. Ed.2d 476 (1968), Benavidez' statement would not have been admissible in separate trials of Romero or Chavez.

The trial court did not grant severance. Instead it required the deletion of all references to Romero and Chavez and ruled that the statement, after said deletions, was admissible. This procedure complied with ABA Standards Relating to Joinder and Severance, Section 2.3 (Approved Draft 1968).

The trial court followed this procedure because of the commentary to Rule 34(b)(2) of the Rules of Criminal Procedure. That commentary states that Rule 34(b)(2) is consistent with the ABA Standards Relating to Severance.

The commentary is not correct. Section 2.3 of the ABA Standards on Severance provides that where a statement by one defendant is inadmissible against co-defendants, the trial court should require the prosecutor to elect one of three courses, one of which is the deletion procedure followed in this case. Section 41–23–34(b)(2), supra, does not provide for the prosecutor to elect the course to be followed. Section 41–23–34(b)(2), supra, provides for severance as of right.

It should be noted that the commentaries to the Rules of Criminal Procedure are a copyrighted publication of the University of New Mexico School of Law and are not commentaries adopted by the New Mexico Supreme Court.

The trial court erred in following the commentary because the rules, not the commentaries, govern. Section 41–23–1, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973). The trial court erred in not granting severance as of right under § 41–23–34(b)(2), supra. Compare State v. Volkman, 86 N. M. 529, 525 P.2d 889 (Ct.App.1974).