419 P.2d 970

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Anastacio MONTOYA, Defendant-Appellant.**

**No. 8052.**

Supreme Court of New Mexico.

Oct. 31, 1966.

Blythe & Norvell, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., for appellee.

## OPINION

WALDO SPIESS, Judge, Court of Appeals.

The appellant, Anastacio Montoya, was convicted of the crime of perjury from which he has appealed. Two grounds of error are alleged, first, that the trial court erred in denying appellant's motion for a directed verdict, and, second, that the evidence was insufficient to support the verdict.

The perjury charge involved here was based upon false testimony given by appellant in the trial of a criminal action brought against him and one, Barela, wherein appellant and Barela were jointly charged with larceny of certain property of one, Barnett.

The undisputed facts are that a witness testifying for the state in the larceny ac-

tion said that at approximately 6:00 in the afternoon, January 29, 1965, he had seen the appellant and Barela in a truck near the Barnett property. The truck contained property similar to that claimed to have been stolen from Barnett.

The appellant testified in the larceny case that at approximately 2:00 in the afternoon of January 29, 1965, he had accompanied his wife to a doctor's office and had remained in the doctor's office with his wife until 5:00 P.M. then returned to his home and about 5:30 P.M. commenced the preparation of a meal for his wife.

Appellant likewise testified that while at the doctor's office he was given a prescription which was filled the same afternoon at a drug store located near the doctor's office. The larceny proceedings resulted in the acquittal of appellant.

In this case it was established through the testimony of the doctor's receptionist that although appellant's wife had been in the office fairly regularly for a year and that appellant usually accompanied her, neither appellant nor his wife had appeared in the doctor's office on January 29, 1965. The receptionist further testified that the doctor had given appellant's wife a prescription on January 26, 1965.

The druggist who operated the drug store to which appellant has referred in his testimony in the larceny case stated that he had filled no new prescription for appellant

or his wife on January 29, 1965. The druggist did say that he had filled a prescription for appellant, or his wife on January 26, 1965.

Appellant argues that his motion for a directed verdict should have been sustained for the reason that the state failed to prove two of the essential elements of the crime charged, namely, that appellant knew at the time of giving the false testimony that it was untrue, and, secondly, that the testimony was material to the issues involved in the larceny proceedings.

It has been admitted by appellant that the state sustained its burden of proving that the questioned testimony was in fact given by appellant under oath in the larceny case and that it was false.

 Knowledge, like intent, is personal in its nature and may not be susceptible of proof by direct evidence. It may, however, be inferred from occurrences and circumstances. The act itself may be such as will warrant an inference of knowledge. In this case the positive but untrue testimony of appellant fixing the 29th of January, 1965, as the day and 2:00 o'clock to 5:00 o'clock in the afternoon as the time he remained at the doctor's office in itself warranted an inference that appellant knew when he so testified that his statement was false. See State v. Blacklock, 23 N.M. 251, 167 P. 714 (1917), and State v. McKinley, 30 N.M. 54, 227 P. 757 (1924).

The jury in this case could have inferred that appellant knew his testimony to be false when he gave it through reasoning that an ordinary person under similar circumstances testifying as to a specific date and time as appellant did should have known that his testimony was not true. See Stone v. United States, 113 F.2d 70 (6th Cir. 1940).

The following applicable statement is contained in Stone v. United States, supra, at 75.

"Where guilty knowledge is an element in the offense, as in conspiracy charges and the use of the mails to defraud, the knowledge must be found from the evidence beyond a reasonable doubt, but actual knowledge is not required; it may be inferred. Scienter may be inferred where the lack of knowledge consists of ignorance of facts which any ordinary person under similar circumstances should have known."

 Appellant next argues in support of his motion for a directed verdict that the questioned testimony was not material to the issues involved in the larceny case. To constitute perjury the testimony must be material to the issue or matter involved in the course of a judicial proceeding. 40A–25–1, N.M.S.A., 1953.

It is clear from the record that the false testimony given by appellant in the larceny

**132**

proceedings was designed to establish an alibi. It was testified, as has been stated, by one of the state's witnesses in the larceny case that he had seen appellant at approximately 6:00 o'clock in the afternoon on January 29, 1965, near the property of K. Barnett in a truck loaded with property which the state claimed had been stolen from Barnett. Appellant's statement that he was at the doctor's office from 2:00 to 5:00 in the afternoon of the 29th of January, 1965, tended to prove that appellant could not have been seen by the state's witness in possession of the stolen property, and consequently had a tendency to disprove a material fact in the larceny case. See Doan v. United States, 202 F.2d 674 (9th Cir. 1953), State v. Fail, 121 Kan. 855, 250 P. 311 (1926).

In our opinion the trial court correctly denied appellant's motion for a directed verdict.

Appellant finally argues that the evidence was insufficient to support the verdict. Based upon our ruling against appellant upon his first point and our examination of the record we do not agree with his contention and hold that there is substantial evidence to support the verdict.

The judgment of the district court is therefore affirmed and

It is so ordered.

CHAVEZ and MOISE, JJ., concur.