515 P.2d 644

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**William Harvey WISE, Defendant-Appellant.**

**No. 1213.**

Court of Appeals of New Mexico.

Oct. 17, 1973.

James E. Templeman, Sanders, Snipes & Templeman, Lovington, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of unlawful possession of a stolen vehicle. Section 64-9-5, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2). Defendant appeals. We affirm.

Section 64-9-5, supra, reads as follows:

*Any person who,* with intent to procure or pass title to a vehicle which he knows or has reason to believe has been stolen or unlawfully taken, receives, or transfers possession of the same from or to another, or who *has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, is guilty of a felony.* [Emphasis added]

This statute defines two separate crimes: (1) taking, receiving, or transferring possession of a vehicle with knowledge or reason to believe it is stolen and with intent to procure or pass title, and (2) unlawful possession of a stolen vehicle. Defendant was charged with violation of the latter criminal offense which does not include the phrase, "with intent to procure or pass title to a vehicle".

Defendant misconstrues the statute. He contends "The statute is specific in requiring that the vehicle must have been re-

ceived or possessed by the accused with the intent to procure or pass title to it"; that the statute defines only one crime. Defendant submitted two requested instructions, the first consisting of a verbatim recital of § 69–9–5, supra. The first part of this section dealing with intent to procure or pass title is, of course, not applicable and to have given it might have misled the jury. State v. Beal, 55 N.M. 382, 234 P.2d 331 (1951); State v. Vasquez, 83 N.M. 388, 492 P.2d 1005 (Ct.App.1971).

■ We have reviewed the instructions given. The trial court instructed in the language of the statute. That was sufficient. State v. Gunzelman, 85 N.M. 295, 512 P.2d 55 (1973).

■ Defendant claimed a lack of substantial evidence to sustain a verdict of guilty. The stolen car was found in defendant's garage. This is evidence of possession. The defendant furnished some of the purchase money for the car, and the purchaser knew it was stolen. Throughout the negotiations and sale of the car, defendant was present. The purchase price of the stolen car, because of its condition, was very low. The thief lived on defendant's property for a time. This is sufficient circumstantial evidence that defendant knew or had reason to believe the car had been stolen or unlawfully taken. State v. Otero, 84 N.M. 257, 501 P.2d 1077 (Ct. App.1972); State v. Lee, 83 N.M. 522, 494 P.2d 184 (Ct.App.1972).

Finally, defendant contends it was error to permit the jury to find defendant guilty as an accessory when the information charged defendant only as a principal. This claim was not presented in the trial court and is not subject to review. Section 21–2–1(20)(1), N.M.S.A.1953 (Repl. Vol. 4).

Affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.