This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **No. 31,759**

**ERIK NAHLE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

The Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Appellate Defender
Albuquerque, NM

University of New Mexico School of Law
Sue A. Herrmann, Adjunct Professor of Law
Santa Fe, NM
Mark A. Cox, Practicing Law Student
Meagan A. Lopez, Practicing Law Student
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

**{1}** Defendant appeals his convictions for two counts of forgery, one count of concealing identity, and one count of possession of drug paraphernalia. Defendant was pulled over for failing to have a working license plate light. Defendant gave the officer a false name and illegibly signed two traffic citations. Defendant was arrested after the officer discovered a glass pipe in the vehicle. The officer discovered Defendant's true identity when he was subsequently booked into the detention center.

**{2}** On appeal, Defendant argues that (1) his actions did not constitute forgery under New Mexico law; (2) his double jeopardy rights were violated both by his convictions for two counts of forgery and by his convictions for forgery and concealing identity; and (3) there was insufficient evidence to support his conviction for possession of drug paraphernalia. Because we agree with Defendant that his actions did not constitute forgery, we reverse his two forgery convictions. Accordingly, we do not address his double jeopardy arguments. We affirm Defendant's possession conviction and his conviction for one count of concealing identity.

**{3}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve further discussion of the pertinent facts for our analysis.

## DISCUSSION

### Forgery

{4}    Defendant argues that he did not commit the crime of forgery because, assuming he signed the citations as "Armando Sandoval," he did not represent that his signature was the genuine signature of another person. This issue presents a question of statutory interpretation that we review de novo. *State v. Wasson*, 1998-NMCA-087, ¶ 6, 125 N.M. 656, 964 P.2d 820.

{5}    Forgery is defined, in relevant part, as "falsely making or altering any signature to, or any part of, any writing purporting to have any legal efficacy with intent to injure or defraud." NMSA 1978, § 30-16-10(A)(1) (2006). In *State v. Cook*, this Court held that where the defendant's actions did not purport to be those of another, the defendant had not committed forgery. 1979-NMCA-070, ¶ 9, 93 N.M. 91, 596 P.2d 860. The Court aligned itself with cases concluding that "the signing of a fictitious name is not forgery if the signer does not intend that the signature be taken as the genuine signature of the person owning the assumed name." *Id.* ¶ 7. As recognized in *State v. Sandoval*, this Court's holding in *Cook* indicates that New Mexico applies a narrow definition of forgery. *State v. Sandoval*, 2007-NMCA-103, ¶ 23, 142 N.M. 412, 166 P.3d 473. Under the narrow definition, "it must appear that the false signature is the act of someone other than the person actually making it[,]"

as opposed to the broad definition, which criminalizes the signing of a false name with the requisite fraudulent intent. *Id.* ¶ 22 (internal quotation marks and citation omitted).

{6}    In this case, Defendant did not commit forgery because there was no evidence that Defendant signed the traffic citations in an attempt to represent his signature as the genuine signature of "Armando Sandoval." In fact, no evidence was presented of an actual "Armando Sandoval" that Defendant was purporting to be. Furthermore, the State's argument that it is enough that "Defendant made a false signature on a document with legal efficacy with the intent to defraud or deceive the deputy" reiterates the broad view of forgery that this Court has previously rejected. *See id.* Admittedly, a plain meaning reading of the forgery statute would likely support such a conviction. Section 30-16-10(A)(1). However, this Court has rejected such an interpretation of the statute, and we accordingly reverse Defendant's convictions for forgery.[1]

---

[1]We note that in one instance this Court affirmed a defendant's forgery convictions when he signed traffic citations with his brother's name. *See State v. Wasson*, 1998-NMCA-087, 125 N.M. 656, 964 P.2d 820. However, the Court in *Wasson* did not address a *Cook* issue and we therefore do not believe that its ultimate conclusion is applicable to this case. *See Padilla v. State Farm Mut. Auto Ins. Co.*, 2002-NMCA-001, ¶ 10, 131 N.M. 419, 38 P.3d 187 (explaining that "cases are not authority for propositions not considered" (internal quotation marks and citation omitted)).

**Possession of Drug Paraphernalia**

{7}     Defendant argues that there was insufficient evidence to support his conviction for possession of drug paraphernalia. When reviewing a challenge to the sufficiency of the evidence to support a conviction, we must determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. We view the evidence "in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Id.* We will not weigh the evidence or substitute our judgment for that of the fact finder so long as there is sufficient evidence to support the verdict. *Id.*

{8}     In this case, the jury was instructed that to convict Defendant of possession of drug paraphernalia it must find beyond a reasonable doubt that he had a glass pipe in his possession and that he intended to use the glass pipe to ingest, inhale, or otherwise introduce a controlled substance into the human body. The pipe was discovered in the vehicle Defendant was driving. Although Defendant was not the registered owner of the vehicle, he was the only occupant in the vehicle at the time the pipe was found. The officer found the pipe beside the driver's seat sticking upright next to the seatbelt latch. It had black markings that the officer believed were burn marks. Defendant

4

argues that the evidence was insufficient because the only evidence linking Defendant to the pipe was the fact that he was driving the vehicle in which it was found.

{9}   Possession of drug paraphernalia may be actual or constructive. *State v. Brietag*, 1989-NMCA-019, ¶ 10, 108 N.M. 368, 772 P.2d 898. We are concerned here with constructive possession. Constructive possession is established where it is shown that the defendant has knowledge of the drug paraphernalia and that he or she exercises control over it. *Id.* ¶ 11. "Proximity alone does not constitute possession. . . . This Court must be able to articulate a reasonable analysis that the fact-finder might have used to determine knowledge and control." *State v. Garcia*, 2005-NMSC-017, ¶ 13, 138 N.M. 1, 116 P.3d 72 (alterations, internal quotation marks, and citation omitted).

{10}   There was sufficient evidence from which the jury could conclude that Defendant had knowledge of the pipe. Defendant was driving the vehicle and the pipe was found beside the driver's seat, next to the seat belt latch. From this evidence, the jury could reasonably infer that Defendant either placed the pipe there or became aware of it at some point while in possession of the vehicle. *State v. Montoya*, 1966-NMSC-224, ¶ 10, 77 N.M. 129, 419 P.2d 970 (stating that "knowledge" is generally circumstantial in nature and inferred from circumstances); *State v. Morales*, 2002-NMCA-052, ¶ 32, 132 N.M. 146, 45 P.3d 406 (stating that where the defendant was

the driver of the vehicle, contraband found on the driver's side under the floor mat "[gave] rise to a certain inference of knowledge"), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

{11}    As for control, Defendant's argument on this point is that he was not in exclusive possession of the vehicle because he was not the registered owner; therefore, in the absence of additional circumstances or incriminating statements, he contends there is no evidence to establish that he constructively possessed the pipe. **BIC 24-25 , RB 14]** *See State v. Phillips*, 2000-NMCA-028, ¶ 8, 128 N.M. 777, 999 P.2d 421 ("When the accused does not have exclusive control over the premises where the drugs are found, the mere presence of the contraband is not enough to support an inference of constructive possession.  Additional circumstances or incriminating statements are required." (citation omitted)).  We are unpersuaded by Defendant's argument.  Although a driver's status as the registered owner of the vehicle has been relied on to show his or her exclusive control over the vehicle, this Court has never held as a matter of law that the ownership of the vehicle is required to prove control. *See State v. Lopez*, 2009-NMCA-127, ¶ 35, 147 N.M. 364, 223 P.3d 361 ("[T]he only evidence presented suggested exclusivity: [the d]efendant was the registered owner of the vehicle as well as the only occupant."); *Morales*, 2002-NMCA-052, ¶¶ 27, 32 (stating that the defendant was in control of the vehicle despite not being the

registered owner). As in *Morales*, there was no evidence presented that Defendant had not been driving the vehicle or had only recently come into possession of the vehicle. *See id.* ¶ 32. Regardless, Defendant was the only person in possession of the vehicle at the time the pipe was found. Accordingly, there was sufficient evidence to permit an inference that Defendant was in control of the vehicle at the time the paraphernalia was found.

{12} Because there was sufficient evidence to infer that Defendant was aware of the pipe and exercised control over the vehicle at the time the pipe was found, we conclude that the evidence was sufficient to convict Defendant of possession of drug paraphernalia.

**CONCLUSION**

{13} For the foregoing reasons, we reverse Defendant's convictions for forgery and affirm his convictions for concealing identity and possession of drug paraphernalia.

{14} **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**TIMOTHY L. GARCIA, Judge**