This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 34,016**

**CONNIE ANN JIMENEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appeals from her conviction for trafficking a controlled substance. This Court issued a calendar notice proposing to affirm Defendant's conviction. Defendant has filed a memorandum in opposition to this Court's proposed disposition, which we have duly considered. Unpersuaded, we affirm.

**Chain of Custody**

{2}     Defendant contends that there were lengthy gaps in the State's chain of custody for the methamphetamine introduced into evidence against her. Specifically, Defendant asserts that the State failed to call one of the officers in the chain of custody, the officer who was the custodian of the evidence vault, and therefore the State did not establish a complete chain of custody. [MIO 5] However, we note that our case law provides that "[q]uestions concerning a possible gap in the chain of custody affects the weight of the evidence, not its admissibility." *State v. Peters*, 1997-NMCA-084, ¶ 26, 123 N.M. 667, 944 P.2d 896. In addition, Defendant contends that the failure to call the officer amounted to a violation of her right to confrontation. This Court, however, rejected a similar argument in *State v. Huettl*, 2013-NMCA-038, ¶ 32, 305 P.3d 956. We therefore conclude that Defendant has not demonstrated that the admission of the methamphetamine was in error.

**Sufficiency of Evidence**

{3}	Defendant maintains that there is insufficient evidence to support her conviction. Specifically, Defendant asserts that there was insufficient evidence to establish that she possessed "a specific 'intent to transfer' the methamphetamine." [MIO 9] In this Court's calendar notice, we pointed out that the undercover officer testified at trial that he engaged in a hand-to-hand transaction with Defendant, and that the chemist testified that he tested the drugs and they were methamphetamine. [CN 3] Thus, given that knowledge and intent can be inferred, *State v. Motes*, 1994-NMSC-115, ¶ 11, 118 N.M. 727, 885 P.2d 648 (noting that because intent is subjective, it is rarely proved by direct evidence and is almost always inferred from other facts in the case); *State v. Montoya*, 1966-NMSC-224, ¶ 10, 77 N.M. 129, 419 P.2d 970 (recognizing that because knowledge "is personal in its nature and may not be susceptible of proof by direct evidence[,]" it may "be inferred from occurrences and circumstances"), there was sufficient evidence for the jury to conclude that Defendant possess the requisite intent.

**Ineffective Assistance of Counsel**

{4}	Defendant has abandoned her claim of ineffective assistance of counsel based on the failure of trial counsel to file a docketing statement. *See Griffin v. Thomas*, 1997-NMCA-009, ¶ 7, 122 N.M. 826, 932 P.2d 516 ("[A]n issue is deemed abandoned where a party fails to respond to the calendar notice's proposed disposition

3

of the issue[.]"). Defendant has chosen to restate her argument that the drug test results were erroneously admitted due to different weights as an ineffective-assistance-of-counsel argument based on counsel's failure to object to its introduction. Defendant also seeks to add a claim of ineffective assistance of counsel based on defense counsel failing to object to the State's failure to produce its confidential informant at trial.

**{5}** There is a two-fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on the defendant to prove both prongs. *Id.* "On appeal, we will not second guess the trial strategy and tactics of the defense counsel." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted). To the extent Defendant has claimed ineffective assistance of counsel based on defense counsel's failure to object, we note that whether to object to evidence is a matter of trial tactics. And, failure to object does not establish ineffective assistance. *Peters*, 1997-NMCA-084, ¶ 40.

**{6}** Moreover, to the extent that these arguments may be based on information not contained in the record currently before this Court, we note that where information

4

that is not of record may give rise to a claim of ineffective assistance of counsel, such arguments are best raised in habeas corpus proceedings. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]").

{7} Accordingly, for the reasons articulated above and those contained in this Court's notice of proposed disposition, we affirm Defendant's conviction.

{8} **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**J. MILES HANISEE, Judge**