| STATE V. LITTLEFIELD |
| --- |

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**PHILLIP L. LITTLEFIELD a/k.a PHILLIP LEE LITTLEFIELD,**
**Defendant-Appellant.**

Docket No. A-1-CA-37855
COURT OF APPEALS OF NEW MEXICO
April 29, 2019

APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY, Matthew E. Chandler, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, Will O'Connell, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

JULIE J. VARGAS, Judge. WE CONCUR:  M. MONICA ZAMORA, Chief Judge, JENNIFER L. ATTREP, Judge

**AUTHOR:** JULIE J. VARGAS

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}**      Defendant has appealed following his conviction for receiving or transferring a stolen vehicle (possession). We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by the assertion of error. We therefore uphold the conviction.

**{2}** The relevant background information has previously been set forth. We will avoid undue reiteration here, and instead address the content of the memorandum in opposition, in which Defendant renews his challenge to the sufficiency of the evidence, specifically and exclusively focusing on the element of knowledge. [MIO 1-8] We limit the scope of discussion accordingly. *See generally State v. Dawson*, 1999-NMCA-072, ¶ 13, 127 N.M. 472, 983 P.2d 421("We limit ourselves to those elements that [the d]efendant claims to have been insufficiently proved.").

**{3}** "Knowledge, like intent, is personal in its nature and may not be susceptible of proof by direct evidence. It may, however, be inferred from occurrences and circumstances." *State v. Montoya*, 1966-NMSC-224, ¶ 10, 77 N.M. 129, 419 P.2d 970. In this case, the circumstantial evidence was compelling. It is undisputed that Defendant was in possession of a stolen motorcycle, which had been spray painted in an apparent effort to alter its appearance. [MIO 1-2, 4] When the investigating officers knocked, Defendant attempted to evade them by sneaking out the back door. [MIO 3] *See State v. Flores*, 2010-NMSC-002, ¶ 23, 147 N.M. 542, 226 P.3d 641 ("[E]vidence of flight or an attempt to deceive the police may prove consciousness of guilt." (internal quotation marks and citation omitted)). Defendant gave the officers an improbable account, claiming to have purchased the motorcycle for $300 at a convenience store, when the owner had paid $5,000 for it. [MIO 2; RP 146] *See, e.g., State v. Wise*, 1973-NMCA-138, 85 N.M. 640, 515 P.2d 644 (holding that possession of a stolen vehicle, together with evidence of participation in a purchase for a very low sum, supplied sufficient circumstantial evidence that the defendant knew or had reason to believe the vehicle had been stolen or unlawfully taken). Although Defendant further claimed that his PT cruiser was part of the exchange, the officers found the claim to be dubious, given that Defendant still had the PT cruiser in his possession and was living out of the vehicle. [RP 150] When further questioned about the alleged purchase, Defendant was unable to provide either a reasonable description of the seller or contact information. [RP 148, 151-52] Finally, the license plate did not match the VIN number, Defendant had no title documents, and Defendant failed to mention the bill of sale that he later presented at trial. [MIO 3; RP 151] *Cf. City of Rio Rancho v. Amrep Sw., Inc.*, 2011-NMSC-037, ¶ 26, 150 N.M. 428, 260 P.3d 414 ("A person cannot be a good faith purchaser if that person is aware of facts that "should have put him or her to an inquiry, which if pursued with due diligence, would have led to a knowledge of the infirmities appearing upon the face of the instrument involved in the transaction." (alterations, internal quotation marks, and citation omitted)); *State v. Bernard*, 2015-NMCA-089, ¶ 29, 355 P.3d 831 ("[T]he Legislature intended to prevent and combat illicit trafficking in stolen vehicles by instituting a vehicle registration system that maintains a history of individual vehicle ownership, requires distinct identifiers be assigned and affixed to vehicles, and monitors the transfer of vehicles from other states and between owners."); *State v. Pacheco*, 2007-NMCA-140, ¶ 17, 142 N.M. 773, 170 P.3d 1011 (observing that "prosecutors may unquestionably endeavor to undermine alibis and other forms of exculpatory testimony by suggesting recent fabrication"). We conclude that this evidence was sufficient to support a reasonable inference that Defendant knew or had reason to know that the motorcycle was stolen.

**{4}**     In his memorandum in opposition Defendant contends that his own testimony, together with his possession of an apparently functional key, should have compelled a different result. [MIO 1-8] However, the jury was free to reject Defendant's testimony, and his possession of a key is not conclusive, particularly in light of all of the countervailing circumstantial evidence. *See generally State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (noting that "the weight and effect of the evidence, including all reasonable inferences to be drawn from both the direct and circumstantial evidence is a matter reserved for determination by the [jury]" and recognizing that this Court should not substitute its judgment for that of the jury (internal quotation marks and citation omitted)); *State v. Gurule*, 2004-NMCA-008, ¶ 38, 134 N.M. 804, 82 P.3d 975 ("[T]he jury is free to reject [the d]efendant's version of the facts, and thus, evidence contrary to the verdict does not provide a basis for reversal.").

**{5}**     Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{6}     IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JENNIFER L. ATTREP, Judge**