This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37146**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ANTONIO J. SENA a/k/a
ANTONIO JESUS SENA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY
Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Brian Parrish, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals following his conviction for receiving or transferring a stolen motor vehicle, inter alia. He advances several arguments, including a challenge to a prosecutorial comment upon his post-arrest silence. We conclude that the comment was improper, and the error was not harmless. We address Defendant's remaining issues only to the extent they have the potential of affording Defendant greater relief on appeal.

**BACKGROUND**

**{2}** On the night of October 18, 2016, police officers observed Defendant driving a motorcycle at a high rate of speed with no lights illuminated and attempted to initiate a traffic stop. In the course of the ensuing pursuit, Defendant turned into an alley and lost control. When the officers approached and issued verbal commands, Defendant continued to attempt to flee on the motorcycle. Ultimately Defendant was subdued, and a subsequent investigation revealed that the motorcycle had recently been stolen.

**{3}** Defendant was charged with numerous offenses; however, the only contested charge was receiving or transferring a stolen motor vehicle. At trial Defendant testified that he had purchased the motorcycle from an acquaintance and was unaware that it had been stolen. Defendant further explained that he had not attempted to flee the officers on account of his possession of the motorcycle, but because he had outstanding warrants and had marijuana in his possession. He also suggested that he had heard gunshots. In the ensuing effort to attack Defendant's credibility, the prosecutor asked Defendant, "if all [of your testimony] was true why was[n't] any of that . . . provided to the officers that night or even prior to [trial]?" Defense counsel promptly objected, the objection was sustained, and the prosecutor did not pursue the inquiry; however, no further relief was afforded.

**DISCUSSION**

**A.      Prosecutorial Comment on Silence**

**{4}** "New Mexico courts have long held that a prosecutor is prohibited from commenting on a defendant's right to remain silent[.]" *State v. McDowell*, 2018-NMSC-008, ¶ 4, 411 P.3d 337. "Three rationales underlie this prohibition." *Id.* Among these is the Fifth Amendment right against compelled self-incrimination, which prohibits the prosecution from inviting the jury to draw an adverse conclusion from the defendant's failure to testify. *State v. DeGraff*, 2006-NMSC-011, ¶ 8, 139 N.M. 211, 131 P.3d 61. Also, the Due Process Clause of the Fourteenth Amendment to the United States Constitution protects post-*Miranda* silence. *Id.* ¶ 12. Finally, as a matter of New Mexico evidentiary law, "evidence of a defendant's silence generally is not admissible as proof of guilt" because "silence is often too ambiguous to have great probative force and may be given improper weight by a jury[.]" *Id.* ¶ 15.

**{5}** The State does not dispute that Defendant properly objected below. "Where a defendant has made a proper objection at trial, the appellate court determines whether the prosecution commented on the defendant's protected silence, and if so, reverses the conviction unless the [s]tate can demonstrate that the error was harmless beyond a reasonable doubt." *Id.* ¶ 22 (internal quotation marks and citation omitted).

**{6}** In this case, the State concedes that the inquiry represented an improper comment on Defendant's post-arrest silence. We briefly note that the prosecutor's rhetorical question clearly constituted a suggestion of recent fabrication, based upon

Defendant's failure to give a statement similar to his testimony either at the time of his arrest or prior to trial. This is impermissible. *See, e.g., id.* ¶ 10 (holding that the prosecutor improperly commented upon the defendant's post-arrest silence by using the defendant's failure to come forward and give a statement to suggest that his explanation was fabricated); *see State v. Martin*, 1984-NMSC-077, ¶ 15, 101 N.M. 595, 686 P.2d 937 ("[A d]efendant is not required to reveal [his or] her theory of defense to the prosecution before trial and any inference that she should have done so is highly improper."); *State v. Carrasco*, 1996-NMCA-114, ¶ 39, 122 N.M. 554, 928 P.2d 939 ("[S]pecific questioning by the prosecutor asking [the d]efendant why he had waited until trial to assert his innocence or to tell his version of the events preceding his arrest amounted to a direct, impermissible comment on [the d]efendant's Fifth Amendment right to post-arrest silence."), *aff'd in part, rev'd in part on other grounds*, 1997-NMSC-047, ¶ 40, 124 N.M. 64, 946 P.2d 1075; *State v. Garcia*, 1994-NMCA-147, ¶ 12, 118 N.M. 773, 887 P.2d 767 ("[I]t would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." (internal quotation marks and citation omitted)).

**{7}** The parties disagree with respect to the magnitude of the error. Defendant contends that the impropriety was highly prejudicial and requires reversal. The State suggests that the error was harmless, in light of both the "isolated" nature of the impropriety and the strength of the evidence of guilt.

**{8}** "Ordinarily, an isolated, minor statement will not provide grounds for reversal." *State v. Loya*, 2011-NMCA-077, ¶ 13, 150 N.M. 373, 258 P.3d 1165. However, the impropriety at issue in this case cannot be regarded as "minor." *See generally State v. Gutierrez*, 2007-NMSC-033, ¶ 23, 142 N.M. 1, 162 P.3d 156 (commenting upon the "profound unfairness and prejudice of a comment on a defendant's post[-]arrest silence," and the difficulty of any attempt to cure); *Loya*, 2011-NMCA-077, ¶ 13 (observing that "a single statement will require reversal if it is so egregious as to deprive the defendant of a fair trial").

**{9}** Relative to the strength of the State's case, we acknowledge that the only element in dispute was knowledge, and as described at greater length in the latter portion of this opinion, the circumstantial evidence was substantial. However, "our harmless error review is not simply a matter of weighing the evidence. Rather, we assess the likely impact of the constitutional violation on the verdict." *Gutierrez*, 2007-NMSC-033, ¶ 21 (citation omitted). In this case, "Defendant's credibility was crucial since he testified at trial, and denial was his only defense." *Id.* Given that Defendant's defense was based exclusively on his testimony that he lacked the requisite knowledge that the motorcycle was stolen, and that he had instead legitimately purchased the motorcycle from a friend, the context of the prosecutor's impermissible comment can only be viewed as to have directly undercut the entirety of Defendant's chosen defense. Under such circumstances, the prosecutor's impermissible comment cannot be regarded as harmless beyond a reasonable doubt. *See, e.g., id.* ¶¶ 12, 23 (arriving at a similar conclusion under analogous circumstances); *State v. Hennessy*, 1992-NMCA-069, ¶¶ 21-22, 114 N.M. 283, 837 P.2d 1366 (holding that impermissible prosecutorial

comment on silence was not harmless error, where the evidence was substantial but not overwhelming, and credibility was a pivotal issue), *overruled on other grounds by State v. Lucero*, 1993-NMSC-064, ¶ 13, 116 N.M. 450, 863 P.2d 1071.

**{10}** Accordingly, we hold that the improper comment on Defendant's silence requires reversal. Although this largely obviates the need to address Defendant's other contentions, we will consider the challenge to the sufficiency of the evidence, to determine whether retrial would be barred on double jeopardy grounds. *See, e.g.*, *Carrasco*, 1997-NMSC-047, ¶ 10 (illustrating this general approach under analogous circumstances).

**B.      Sufficiency of the Evidence**

**{11}** In reviewing the sufficiency of the evidence, we must determine whether substantial evidence, either direct or circumstantial, exists to support a verdict of guilty beyond a reasonable doubt for every essential element of the crime at issue. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. The evidence must be viewed in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences to uphold the conviction and disregarding all evidence and inferences to the contrary, to ensure that a rational jury could have found each element of the crime established beyond a reasonable doubt. *Id.*

**{12}** In this case the State was required to prove that: (1) Defendant had possession of a Yamaha motorcycle; (2) this vehicle had been stolen or unlawfully taken; (3) at the time Defendant had this vehicle in his possession, he knew or had reason to know that this vehicle had been stolen or unlawfully taken; and (4) this happened in New Mexico on or about October 18, 2016. *See* UJI 14-1652 NMRA (defining the elements of possession of a stolen vehicle); *State v. Arrendondo*, 2012-NMSC-013, ¶ 18, 278 P.3d 517 ("[J]ury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (internal quotation marks and citation omitted)).

**{13}** Defendant's challenge to the sufficiency of the evidence is addressed specifically and exclusively to the element of knowledge. We limit the scope of discussion accordingly. *See State v. Dawson*, 1999-NMCA-072, ¶ 13, 127 N.M. 472, 983 P.2d 421 ("We limit ourselves to those elements that [the d]efendant claims to have been insufficiently proved.").

**{14}** In satisfaction of its burden the State called several witness, including Dean Salisbury, who testified that his white Yamaha motorcycle was stolen from the back of his pickup truck in October 2016. He explained that he reported the theft, and law enforcement later returned the motorcycle to him, by which point it had been spray-painted black and wrecked.

**{15}** The State also called two police officers who testified about the events on the evening of October 18, 2016. Officer Sandoval described his observation of the motorcycle traveling at high speed without any lights illuminated and his ensuing effort

to initiate a traffic stop. Officer Caron testified that he heard the call, responded, and saw the motorcycle turn into an alley in front of his patrol unit. The officers explained that Defendant lost control and fell to the ground with the motorcycle. The officers issued verbal commands to Defendant to get off the bike and get to the ground, but Defendant failed to comply. Instead, Defendant got back onto the motorcycle and restarted it. Officer Sandoval testified that this struck him as odd, because in his experience people involved in vehicle pursuits usually take off on foot after a vehicle crashes. Officer Sandoval ultimately deployed his taser, Defendant was arrested, and Officer Caron took him from the scene. Officer Sandoval observed that the motorcycle had been spray-painted black, and had no license plate. After explaining that stolen vehicles are often spray-painted, Officer Sandoval testified that he ran the VIN through the NCIC database, which indicated that the motorcycle was registered as white, and that it had been reported stolen.

**{16}** Defendant also testified at trial, claiming that he had purchased the motorcycle for $200 from a "buddy" that he had known for years, named "Scrappy." When the prosecutor asked further questions about this alleged purchase Defendant was unable to supply the individual's name, and he apparently had no documentary support for his claim.

**{17}** On appeal, Defendant notes that the State presented no direct evidence of his knowledge that the motorcycle had been stolen. However, this is not a fatal deficiency, as knowledge may be inferred from circumstantial evidence. *State v. Montoya*, 1966-NMSC-224, ¶ 10, 77 N.M. 129, 419 P.2d 970. When viewed in the light most favorable to the jury's verdict, the circumstantial evidence of Defendant's knowledge was compelling. Defendant was in possession of a stolen motorcycle, which had been spray-painted in an apparent effort to alter its appearance. When the officers sought to initiate a traffic stop, Defendant attempted to evade them; and after crashing, Defendant persisted in his attempt to flee with the motorcycle. *See State v. Flores*, 2010-NMSC-002, ¶ 23, 147 N.M. 542, 226 P.3d 641 ("[E]vidence of flight or an attempt to deceive the police may prove consciousness of guilt." (internal quotation marks and citation omitted)). At trial, Defendant gave an improbable account, claiming to have purchased the motorcycle for $200 from an individual he only knew as "Scrappy." *Cf. State v. Wise*, 1973-NMCA-138, ¶ 6, 85 N.M. 640, 515 P.2d 644 (holding that possession of a stolen vehicle, together with evidence of participation in a purchase for a very low sum, supplied sufficient circumstantial evidence that the defendant knew or had reason to believe the vehicle had been stolen or unlawfully taken). Finally, the motorcycle lacked a license plate, and Defendant had no documents to support his claim of ownership. *Cf. City of Rio Rancho v. Amrep Sw., Inc.*, 2011-NMSC-037, ¶ 26, 150 N.M. 428, 260 P.3d 414 ("A person cannot be a good faith purchaser if that person is aware of facts that should have put him or her to an inquiry, which if pursued with due diligence, would have led to a knowledge of the infirmities appearing upon the face of the instrument involved in the transaction." (alterations, internal quotation marks, and citation omitted)); *State v. Bernard*, 2015-NMCA-089, ¶ 29, 355 P.3d 831 ("[T]he Legislature intended to prevent and combat illicit trafficking in stolen vehicles by instituting a vehicle registration system that maintains a history of individual vehicle ownership, requires distinct

identifiers be assigned and affixed to vehicles, and monitors the transfer of vehicles . . . between owners."). We conclude that this circumstantial evidence was sufficient to support a reasonable inference that Defendant knew or had reason to know that the motorcycle was stolen.

**{18}**    We understand Defendant to suggest that the evidence should be deemed insufficient because the State failed to conclusively refute his claim to have purchased the motorcycle. However, it was not incumbent upon the State to definitively rule out such a possibility; the State was merely required to sustain its burden of proof beyond a reasonable doubt. *See generally* UJI 14-5060 NMRA ("It is not required that the state prove guilt beyond all possible doubt. The test is one of reasonable doubt."); *State v. Reed*, 2005-NMSC-031, ¶ 74, 138 N.M. 365, 120 P.3d 447 (Serna, J., concurring in part and dissenting in part) ("The State is not required to rule out every hypothesis except that of guilt beyond a reasonable doubt." (internal quotation marks and citation omitted)). And ultimately, the jury was not required to believe Defendant's testimony. *See State v. Gurule*, 2004-NMCA-008, ¶ 38, 134 N.M. 804, 82 P.3d 975 ("[T]he jury is free to reject [the d]efendant's version of the facts, and thus, evidence contrary to the verdict does not provide a basis for reversal."). We therefore reject Defendant's claim of error.

**CONCLUSION**

**{19}**    We conclude that Defendant's conviction for receiving or transferring a stolen motor vehicle was supported by substantial evidence. However, the prosecutor's comment on Defendant's silence was clearly improper, and the error was not harmless beyond a reasonable doubt. We therefore reverse that conviction and remand for further proceedings consistent herewith.

**{20}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**KRISTINA BOGARDUS, Judge**