This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37909**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**GILBERT MORENO,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals following his conviction for possession of a stolen vehicle. We issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** We will begin with the motion to amend, by which Defendant seeks to add an issue urging this Court to reconsider its decision in *State v. Bernard*, 2015-NMCA-089, 355 P.3d 831. We are not inclined to do so. The motion to amend is therefore denied, on grounds that the issue is not viable. *See generally State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (illustrating that motions to amend docketing statements will be denied if the issues sought to be presented are not viable).

**{3}** We will turn next to the issues originally raised in the docketing statement and renewed in the memorandum in opposition. Because the relevant background information has previously been set forth, we will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{4}** Defendant continues to assert that the district court committed fundamental error in failing to provide the jury with a supplemental instruction on exercise of control. [MIO 10-19] This is not an element of the offense in question; it merely stems from the definition of possession. As we previously indicated in the notice of proposed summary disposition, [CN 2-3] the exercise of control can be understood by reference to the common meaning of those words. *See State v. Barber*, 2004-NMSC-019, ¶ 39, 135 N.M. 621, 92 P.3d 633 (Serna, J., specially concurring) (observing that the exercise of control over an object is a "basic concept" and has common meaning which jurors may reasonably be expected to apply). We are not persuaded that the situation presented in this case created ambiguity or confusion relative to the concept of control, particularly in light of the fact that the district court specifically instructed the jury that possession is not established by proximity alone. [MIO 10] We therefore reject the assertion of error. *See State v. Munoz*, 2006-NMSC-005, ¶ 24, 139 N.M. 106, 129 P.3d 142 ("Where the issue is the failure to instruct on a term or word having a common meaning, there is no error in refusing an instruction defining the word or term." (internal quotation marks and citation omitted)); *see, e.g.*, *Barber*, 2004-NMSC-019, ¶¶ 20, 26 (observing that failure to instruct on a definition or amplification of an essential element, even when called for in an official UJI use note, rarely rises to the level of fundamental error, and ultimately rejecting a claim of fundamental error based on district court's the failure to give an unrequested definitional instruction on possession).

**{5}** Finally, Defendant renews his challenge to the sufficiency of the evidence to support the conviction. Specifically, he contends that the State failed to present evidence that he possessed the vehicle in question, with knowledge that it was stolen. [MIO 17, 19-23]

**{6}** As the district court duly informed the jury, [MIO 10] a person is in possession of an item when he knows it is in his presence and he exercises control over it. [MIO 10] *See* UJI 14-130 NMRA (defining possession). Both knowledge and control may be inferred from circumstantial evidence, including the conduct and actions of the defendant. *See State v. Garcia*, 2005-NMSC-017, ¶ 14, 138 N.M. 1, 116 P.3d 72 (explaining that possession may be may be proven by the conduct and actions of the defendant); *State v. Montoya*, 1966-NMSC-224, ¶ 10, 77 N.M. 129, 419 P.2d 970 ("Knowledge, like intent, is personal in its nature and may not be susceptible of proof by

direct evidence. It may, however, be inferred from occurrences and circumstances. The act itself may be such as will warrant an inference of knowledge.").

{7}    In this case, the State presented evidence that police officers located a motor vehicle which had previously been reported stolen. [MIO 7-8] Apparently there was a hole in the driver's side door, both the ignition and the steering column were visibly damaged, and there was a screwdriver lying in the driver's seat. [DS 5-6; MIO 8] After the officers set up surveillance, they observed Defendant walk up to the vehicle and either open the driver's side door or attempt to do so. [MIO 8, 10] The officers immediately closed in, and Defendant fled. [MIO 8] We conclude that this evidence, and the rational inferences flowing therefrom, supply adequate support for the elements of knowledge and possession. *See generally Barber*, 2004-NMSC-019, ¶ 28, ("[T[he jury could properly infer control from the circumstantial evidence introduced by the state."); *State v. Privett*, 1986-NMSC-025, ¶ 20, 104 N.M. 79, 717 P.2d 55 (recognizing that lay jurors are capable of drawing inferences within their common knowledge and experience); *State v. Pacheco*, 2008-NMCA-131, ¶ 37, 145 N.M. 40, 193 P.3d 587 ("[N]ot only is flight evidence admissible as proof of a guilty conscience, flight is also admissible as proof of a tacit admission of guilt." (alteration, internal quotation marks, and citation omitted)). To the extent that Defendant asserts that more compelling or unequivocal evidence should have been required, we disagree. *See generally State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 ("So long as a rational jury could have found beyond a reasonable doubt the essential facts required for a conviction, [this Court] will not upset a jury's conclusions." (internal quotation marks and citation omitted)).

{8}    Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{9}    **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**