This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38568**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**CHARLIE EDWARD NORIEGA,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
John Bennett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Defendant appeals his conviction for receiving stolen property (over $500 and under $2500). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

**{2}**     Defendant continues to challenge the sufficiency of the evidence to support his conviction for receiving stolen property (over $500 and under $2500). When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the

evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{3}**     In order to support a conviction, the evidence had to show that Defendant was in possession of a trailer that had been stolen by another, that Defendant knew or believed that the trailer was stolen, and the trailer had the requisite market value. [RP 372-73]

**{4}**     Defendant's memorandum in opposition continues to argue that the evidence did not show that he knew that the trailer was stolen. [MIO 4-5] "A person has knowledge of stolen property if he or she either (1) actually knows the property is stolen, (2) believes the property is stolen, or (3) has his or her suspicions definitely aroused and refuses to investigate for fear of discovering that the property is stolen." *State v. Sizemore*, 1993-NMCA-079, ¶ 9, 115 N.M. 753, 858 P.2d 420. "Unless a defendant admits knowledge of the fact that goods he has received are stolen, this knowledge of necessity must be established by circumstantial evidence." *State v. Lindsey*, 1969-NMCA-121, ¶ 22, 81 N.M. 173, 464 P.2d 903. The issue generally presents a question of fact for a jury to decide. *See State v. Muraida*, 2014-NMCA-060, ¶ 18, 326 P.3d 1113. Our calendar notice relied on Defendant's own testimony that he figured the trailer was stolen.

**{5}**     Defendant's memorandum in opposition argues that the requisite knowledge or belief element was lacking because Defendant qualified his testimony by saying that he "figured that the trailer was probably stole[n]." [MIO 3] But even if the fact-finder were limited to this qualified belief, there was more evidence presented in this case. Defendant's docketing statement referred to a bill of sale to support his claim that he innocently purchased the trailer from a third party. [DS 4-5] Defendant's docketing statement did not elaborate on this, and we instructed him to provide additional facts. We noted that there are indications from the record that the bill of sale was not signed by a seller, and that, when confronted by the owner about the low amount of money that he paid, Defendant stated that he figured the trailer was probably stolen. [RP 18-19] Our calendar notice stated that it appeared that this evidence was introduced at trial through witness testimony. [RP 12] Defendant's memorandum in opposition does not dispute that these facts were introduced at trial. As such, Defendant's admission as to his belief, when combined with evidence about the low asserted purchase price, was enough for a reasonable inference that he believed the trailer was stolen, notwithstanding his qualification of his statement of belief. *See State v. Wise*, 1973-NMCA-138, ¶ 6, 85 N.M. 640, 515 P.2d 644 (holding that possession of a stolen vehicle, together with evidence of participation in a purchase for a very low sum, supplied sufficient circumstantial

evidence that the defendant knew or had reason to believe the vehicle had been stolen or unlawfully taken).

{6}     Based on the foregoing, we affirm the district court's judgment and sentence.

{7}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**