This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38397

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**NICOLE GUILLEN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals her conviction for forgery. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** Because this is a memorandum opinion and the parties are familiar with the facts, we do not repeat them here and discuss only such facts as are necessary to our analysis.

**{3}** In her memorandum in opposition, Defendant continues to argue that the evidence was insufficient to prove her knowledge that the check she tried to cash had a false signature. [MIO 2-5] *See State v. Garvin*, 2005-NMCA-107, ₐ 19, 138 N.M. 164, 117 P.3d 970 (stating that "the appropriate mens rea [under the forgery statute] is that the defendant have actual knowledge that the document is a forgery"). We first observe that direct evidence of knowledge is rarely available, and, as such, knowledge may be proved by circumstantial evidence. *State v. Ortiz*, 2017-NMCA-006, ₐ 23, 387 P.3d 323; *see State v. Montoya*, 1966-NMSC-224, ₐ 10, 77 N.M. 129, 419 P.2d 970 ("Knowledge, like intent, is personal in its nature and may not be susceptible of proof by direct evidence. It may, however, be inferred from occurrences and circumstances. The act itself may be such as will warrant an inference of knowledge.").

**{4}** Defendant argues that the only evidence was that Defendant knew that the check was not hers and had been asked by a friend named Ken to cash the check. Defendant argues that the mere fact that she attempted to cash a check that was not hers cannot support an inference that she knew that the check's signature was false. [MIO 4-5] We first note that the jury was not required to believe Defendant's statement to police that she was cashing the check at the behest of someone named Ken, and could have instead believed that the story was an attempt to deceive police. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (recognizing that "the jury is free to reject [the d]efendant's version of the facts"). Moreover, in this case there was additional evidence from which a jury could infer Defendant's knowledge that the check was a forged instrument. In addition to the evidence that the check was not made out to Defendant, there was also evidence that Defendant presented an illegitimate identification to the bank teller when she attempted to cash the check. [DS 3] Additionally, although Defendant told police that she was cashing the check for someone named Ken, the check was not made out to a Ken, nor was the account holder named Ken. [DS 3]

**{5}** We believe that the jury could infer the requisite knowledge from Defendant's attempts to use a fake identification and the discrepancies between Defendant's statements to police about how she came by the check and the actual information contained on the check itself. *See State v. Graham*, 2005-NMSC-004, ₐ 13, 137 N.M. 197, 109 P.3d 285 (stating that the appellate courts "view the evidence as a whole and indulge all reasonable inferences in favor of the jury's verdict"); *State v. Lujan*, 1985-NMCA-111, ₐ 36, 103 N.M. 667, 712 P.2d 13 (concluding that an attempt to deceive police shows a consciousness of guilt).

**{6}** Defendant cites to *Stallings v. Tansy*, 28 F.3d 1018 (10th Cir. 1994), in which the Tenth Circuit reversed this Court in a habeas proceeding, determining that the evidence was insufficient to prove the petitioner's knowledge that the checks he was cashing were forged. In *Stallings*, the Tenth Circuit observed that the State had relied on circumstantial evidence to prove that the petitioner knew that the checks were forged including that "(1) he failed to pay the store after being told that one of the checks was returned unpaid; (2) he had a prior felony conviction; and (3) he admitted that he asked the maker of the checks to put false notations on the checks indicating he received

them in the course of his employment so the checks would be easier to cash." *Id.* at 1021-22. The Tenth Circuit also considered two additional factors that the district court had relied on in concluding the evidence was sufficient on habeas review: "petitioner failed to question why the checks were drawn on an out-of-state checking account; and petitioner failed to ascertain anything about the purported Randy Thacker's ability to pay on the checks." *Id.* at 1022. The Tenth Circuit reasoned that none of these circumstances gave rise to an inference that the petitioner knew that the checks were forged, although the court did recognize that the petitioner's request that the maker of the check put a false notation in the check in order to facilitate the cashing of a third-party check was a misrepresentation that cast doubt on the petitioner's general truthfulness. *Id.* However, the court stated that the false notations "served the same purpose regardless of whether the checks were good or were forged," and therefore "petitioner's actions in having the false notations placed on the checks do not increase the likelihood that petitioner knew the checks were forged." *Id.*

**{7}**     However, in contrast to *Stallings*, in this case, there was evidence that Defendant attempted to cash the forged check using a false identification. Such evidence permits an inference that Defendant attempted to conceal her identity during the transaction, which we believe allows an inference of knowledge that the check was forged. Moreover, in *Stallings*, unlike in this case, the forged checks were made payable to the defendant, and there were no apparent discrepancies between statements by the defendant and the writings on the check. *Id.* at 1019-20. We therefore do not agree that *Stallings* compels a reversal in this case.

**{8}**     For these reasons, and the reasons stated in our notice of proposed disposition, we affirm Defendant's conviction.

**{9}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**